FITZGERALD YAP KREDITOR LLP
Eric Dean (SBN 56854)
  edean@fyklaw.com
David Lawrence (SBN 210408)
  dlawrence@fyklaw.com
16148 Sand Canyon Avenue
Irvine, California 92618
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CELTIC BANK CORPORATION, a Utah corporation with its principal offices in the State of Utah,<br><br>Plaintiff,<br><br>v.<br><br>KASCO ENTERPRISES, INC., a California corporation; JAMES A. SMITH, an individual; SMITH'S ACTION PLASTICS, INC., a California corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF CONTRACT**<br>3. **BREACH OF CONTRACT**<br>4. **FRAUD**<br>5. **NEGLIGENT MISREPRESENTATION**<br>6. **CONVERSION**<br>7. **CLAIM AND DELIVERY**<br>8. **CONSTRUCTIVE TRUST**<br>9. **ACCOUNTING** |

Plaintiff CELTIC BANK CORPORATION ("PLAINTIFF"), by and through their undersigned attorneys, allege as against defendants KASCO ENTERPRISES, INC. ("KASCO"), JAMES A. SMITH ("SMITH"), and ACTION PLASTICS, INC. ("PLASTICS") (sometimes collectively referred to as "DEFENDANTS") as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this matter is based on diversity under 28 U.S.C. section 1332.

2. Venue is proper in the Central District of California and in this Courthouse under 28 U.S.C. section 1391(b) (2) in that the events and omissions that gave rise to this claim occurred within this District.

**PARTIES**

3. PLAINTIFF is and at all relevant times was a corporation organized and existing under the laws of the State of Utah and conducting business as an FDIC insured bank with its principal offices in Salt Lake City, Utah.

4. SMITH is and at all times relevant was a resident of the County of Orange, State of California and an officer of KASCO and PLASTICS.

5. KASCO is a corporation formed under the laws of the State of California with its principal place of business in the County of Orange, State of California for purposes of engaging in the business of PVC pipe and fittings distribution. PLAINTIFF is informed and believes and thereon alleges that KASCO is no longer a going concern or conducting business.

6. PLASTICS is and at all times relevant was a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Orange, State of California. PLAINTIFF is unaware of the true names and capacities of the Defendants sued herein as DOES 1-20, inclusive. PLAINTIFF will insert such information in this Complaint once ascertained. PLAINTIFF is informed and believes and thereon alleges that said DEFENDANTS caused and contributed to the damages suffered by PLAINTIFF as hereinafter alleged.

**FACTUAL BACKGROUND**

7. On or about August 29, 2017, based on information, representations and documentation provided by DEFENDANTS to PLAINTIFF, PLAINTIFF agreed to advance funds to KASCO to use solely in its business operations under and subject to

the terms of various loan documents, as hereinafter described, in an amount not to exceed Eight Hundred Thousand Dollars ($800,000.00) (the "Loan"). The Loan was in the form of a Line of Credit with funds being disbursed by PLAINTIFF to KASCO only if certain conditions were met and certifications submitted.

8. The payment terms of the Loan were documented, in part, in a Promissory Note (the "Note") from KASCO in favor of PLAINTIFF. A true and correct copy of the Note is attached hereto as Exhibit "1" and incorporated herein by reference.

9. As a material inducement to PLAINTIFF making the Loan, SMITH and PLASTICS each executed unconditional Commercial Guarantees of all obligations of KASCO to PLAINTIFF. A true and correct copy of the Guaranty executed by SMITH (the "Smith Guaranty") is attached hereto as Exhibit "2" and incorporated herein by reference. A true and correct copy of the Guaranty executed by PLASTICS (the "Plastics Guaranty") is attached hereto as Exhibit "3" and incorporated herein by reference.

10. The requirements before proceeds could be disbursed by PLAINTIFF to KASCO were, in part, set forth in a Business Loan Agreement (the "BLA") entered into by said defendant. A true and correct copy of the BLA is attached hereto as Exhibit "4" and incorporated herein by reference.

11. To secure the obligations of KASCO under the Note and BLA, KASCO executed a Commercial Security Agreement (the "Security Agreement") under which it pledged all its assets, rights and interests to PLAINTIFF until such time as the Loan was paid in full. The Security Agreement also memorialized certain conditions to the disbursement of funds by PLAINTIFF to KASCO. A true and correct copy of the Security Agreement is attached hereto as Exhibit "5" and incorporated herein by reference.

12. A UCC 1 Financing Statement was filed with the Office of the Secretary of State of California on September 7, 2017 as to KASCO's pledge of assets, rights and

interests to PLAINTIFF. A true and correct copy of that filing is attached hereto as Exhibit "6" and incorporated herein by reference.

13. On or about December 1, 2017, at the request of DEFENDANTS, PLAINTIFF and DEFENDANTS executed a Change in Terms Agreement, a true and correct copy of which is attached hereto as Exhibit "7" and incorporated herein by reference. The Change in Terms Agreement, among other things, modified certain of the terms under which disbursements of Loan proceeds would be made to KASCO.

14. The Note, BLA, Security Agreement and Change in Terms Agreement may sometimes hereinafter be referred to collectively as the "Loan Documents".

15. Based on representations by SMITH and KASCO, PLAINTIFF disbursed funds to KASCO under the terms of the Loan Documents at the request of SMITH and KASCO in reliance on their certifications and representations. A true and correct copy of a Ledger summarizing journal entries as to Loan disbursements, payments and accruals is attached hereto as Exhibit "8" and incorporated herein by reference.

16. PLAINTIFF is informed and believes and thereon alleges that PLASTICS has taken possession and control of inventory belonging to KASCO and is marketing and selling same in its own name and without regard to PLAINTIFF's security interest in such inventory.

17. KASCO has breached its obligations under the Loan Documents in that, *inter alia,* KASCO has ceased its business operations entirely or to a material degree; failed to provide required financial statements, collateral records and other information and documentation requested by PLAINTIFF; concealed material facts from PLAINTIFF; provided materially false and misleading information and documentation to PLAINTIFF; failed to make payments as required; commingled assets with other entities; and diverted, converted and disbursed payments from customers to improper uses and failed to account and remit to PLAINTIFF, as required by express provisions of the Loan Documents.

18.   As a result of the aforesaid breaches by KASCO, PLAINTIFF has elected to accelerate the balance owed on the Loan and the entire outstanding balance of the Note is now due and payable in an amount not less than $438,748.28, the exact amount of which shall be shown by proof at trial.

19.   PLAINTIFF has duly notified DEFENDANTS on several occasions of its intention to accelerate collection of the balance owed on the Loan and have made demand for immediate payment of the entire amount of the Note. A true and correct copy of a demand made on DEFENDANTS by PLAINTIFF is attached hereto as Exhibit "9" and incorporated herein by reference.

20.   DEFENDANTS, and each of them, have failed and refused to respond to PLAINTIFF's demand or otherwise tender any payments to PLAINTIFF in response to the demand.

## FIRST CLAIM

(Breach of Contract by KASCO)

21.   PLAINTIFF incorporates by reference herein each of the allegations contained in each of the preceding paragraphs of this Complaint.

22.   KASCO has failed to perform and is in breach of its obligations under the Loan Documents.

23.   PLAINTIFF has performed its obligations under the terms of the Loan Documents except, if at all, as excused by KASCO's breaches and failure of performance.

24.   PLAINTIFF has been required to retain counsel to represent its interests as a result of KASCO's breaches and failure of performance.

25.   Interest continues to accrue on KASCO's obligations under the Note.

## SECOND CLAIM

(Breach of Contract by SMITH)

26.   PLAINTIFF incorporates by reference herein each of the allegations contained in each of the preceding paragraphs of this Complaint.

27. SMITH is in breach of his obligations under the Smith Guaranty.

28. PLAINTIFF has performed its obligations, if any, under the Smith Guaranty except, if at all, as excused by SMITH's breaches and failure of performance.

29. PLAINTIFF has been required to retain counsel to represent its interests as a result of SMITH's breaches and failure of performance.

## THIRD CLAIM

(Breach of Contract by PLASTICS)

30. PLAINTIFF incorporates by reference herein each of the allegations contained in Paragraphs 1-25 of this Complaint.

31. PLASTICS is in breach of its obligations under the Plastics Guaranty.

32. PLAINTIFF has performed its obligations, if any, under the Plastics Guaranty except, if at all, as excused by PLASTICS' breaches and failure of performance.

33. PLAINTIFF has been required to retain counsel to represent its interests as a result of PLASTICS' breaches and failure of performance.

## FOURTH CLAIM

(Fraud and Concealment by SMITH, KASCO and DOES 1-5)

34. PLAINTIFF incorporates by reference herein each of the allegations contained in Paragraphs 1-25 of this Complaint.

35. Within the last year, representations made by DEFENDANTS when applying for the Loan from PLAINTIFF and during negotiations and in order to induce PLAINTIFF to enter into the Change in Terms Agreement and refrain from declaring the Loan in default, DEFENDANTS directly or through their authorized agents, knowingly and intentionally, falsely and fraudulently represented to PLAINTIFF that (a) KASCO was and would remain a going concern that would continue its business operations long into the future and beyond the time that the Loan was paid in full; (b) KASCO would fully meet its obligations under the BLA and Security Agreement, including, but not limited to, providing accurate and timely reports and accountings to

PLAINTIFF and acknowledging and honoring PLAINTIFF's assigned rights and interests in KASCO's inventory and receivables; (c) KASCO had and would continue to have sufficient cash flow and be operated in a manner so that it had and would continue to have the ability to and would make timely payments under the Note and in accordance with the requirements of the Change in Terms Agreement; (d) KASCO made periodic representations, including when negotiating and inducing PLAINTIFF to enter into the Change in Terms Agreement, that it owned and held in excess of $700,000.00 in inventory consisting of PVC pipe and conduit, and such inventory is now reported by KASCO and SMITH at only approximately $50,000.00 of miscellaneous "glue, paint, and odds and ends"; and (e) KASCO, as borrower, and SMITH and DOES 1-3, inclusive, as operators, officers and managers of KASCO had the skills to and would manage KASCO in a manner than it would timely and fully meet all its obligations under the Loan Documents.

36. PLAINTIFF is informed and believes and thereon alleges the true facts were and are that:

(a) At the time the Loan was applied for and at the time the Loan was made, DEFENDANTS had no intention of KASCO remaining a going concern, meeting its obligations under the Loan Documents, having sufficient cash flow to meet its obligations under the Note or otherwise meeting its obligations to PLAINTIFF if the Loan was made;

(b) At the time the Change in Terms Agreement was requested by DEFENDANTS and executed, DEFENDANTS had no intention of KASCO remaining a going concern, meeting its obligations under the Loan Documents, having sufficient cash flow to meet its obligations under the Note or otherwise timely and fully meeting its obligations to PLAINTIFF if the Change in Terms Agreement was entered into and PLAINTIFF refrained from then exercising its rights and remedies under the Loan Documents or as a matter of law; and

(c) DEFENDANTS knowingly and intentionally materially overstated the value of the assets pledged to PLAINTIFF as collateral and its eligible inventory and receivables when requesting the Change in Terms Agreement from PLAINTIFF.

37. In applying for the Loan and in requesting the Change in Terms Agreement and in submitting certifications requesting draw requests, DEFENDANTS knowingly and intentionally submitted materially false, inaccurate and inflated reports and financials and otherwise concealed material facts from PLAINTIFF with the intention of having PLAINTIFF rely on same and PLAINTIFF did justifiably rely on the misrepresentations of DEFENDANTS.

38. DEFENDANTS knowingly and intentionally made material misrepresentations as alleged in Paragraph 36 and concealed the true facts from PLAINTIFF as alleged in Paragraph 37 to induce PLAINTIFF to make the Loan and enter into the Change in Terms Agreement.

39. PLAINTIFF justifiably relied on the material misrepresentations of DEFENDANTS as alleged in Paragraphs 36 and 37 and did not discover the true facts until in or around the spring of 2018 when DEFENDANTS began failing to provide the financial reporting, collateral schedules, and other certifications required under the Loan Documents and was otherwise failing and refusing to meet its obligations under the Loan Documents. At the same time, PLAINTIFF began discovering that KASCO was diverting pledged and assigned assets through the actions of SMITH.

40. Had PLAINTIFF known the true facts, PLAINTIFF would not have made the Loans nor entered into the Change in Terms Agreement.

41. As a result of DEFENDANTS' illegal acts, fraud and concealment, PLAINTIFF has suffered actual and consequential damages in excess of $75,000.00, the exact amount of which shall be shown by proof at trial.

42. The actions of DEFENDANTS as alleged in this Fourth Claim were intentional, wanton, malicious and fraudulent. PLAINTIFF is entitled to an award of exemplary and punitive damages against DEFENDANTS, and each of them.

**FIFTH CLAIM**

(Conversion by SMITH, KASCO, PLASTICS and DOES 1-10)

43. PLAINTIFF incorporates by reference herein each of the allegations contained in each of the preceding paragraphs of this Complaint.

44. Within the last year, DEFENDANTS have knowingly and intentionally diverted, converted, comingled and wrongfully sold inventory assigned to PLAINTIFF as security for the Loan for the benefit of PLASTICS and personally and wrongfully misused the proceeds therefrom for their personal benefit.

45. Within the last year, DEFENDANTS wrongfully collected, converted, comingled, diverted and misused proceeds collected from account receivables assigned to PLAINTIFF under the terms of the Security Agreement for their own use and gain and for the purpose of depriving PLAINTIFF of the right to same.

46. In or around the spring of 2018, PLAINTIFF duly and lawfully notified the customers of KASCO of PLAINTIFF's rights and interests in all account receivables of KASCO and demanded that all payments of such account receivables be made to PLAINTIFF (the "Assignment Notice"). A true and correct of the template of such letter is attached hereto as Exhibit "10" and incorporated herein by reference.

47. In response to PLAINTIFF's Assignment Notice, DEFENDANTS circulated a letter to KASCO's customers notifying them to ignore the Assignment Notice representing that it had been transmitted in error and demanding that all payments on KASCO receivables be paid directly to KASCO, in an effort to deprive PLAINTIFF of its rights to the collateral assigned and pledged under the Security Agreement. A true and correct copy of one such letter is attached hereto as Exhibit "11" and incorporated herein by reference. In addition, KASCO, through the actions of SMITH, directed at least one customer of KASCO to issue a stop payment on a check received by PLAINTIFF in the amount of $43,546.96 and to re-issue such payment to KASCO and SMITH in an attempt to deprive PLAINTIFF of its rights to pledged assets. Such amount would have otherwise reduced the indebtedness that is the subject

1 of this action. A true and correct copy of the check is attached hereto as Exhibit "12"
2 and incorporated herein by reference.

3     48. As a result of DEFENDANTS' diversion, conversion, comingling and
4 misuse of the inventory and account receivables assigned to PLAINTIFF under and by
5 virtue of the terms of the Security Agreement, PLAINTIFF has been damaged in an
6 amount in excess of $75,000.00, the exact amount of which shall be shown by proof at
7 trial.

8     49. The actions of DEFENDANTS as alleged in this Fifth Claim were
9 intentional, wanton, malicious and fraudulent. PLAINTIFF is entitled to an award of
10 exemplary and punitive damages against DEFENDANTS, and each of them.

## SIXTH CLAIM

(Claim and Delivery Against DEFENDANTS)

13     50. PLAINTIFF incorporates by reference herein each of the allegations
14 contained in each of the preceding paragraphs of this Complaint.

15     51. PLAINTIFF is informed and believes and thereon alleges that
16 DEFENDANTS continue to hold assets, inventory and/or proceeds as to which
17 PLAINTIFF has had and continues to have a perfected security interest.

18     52. PLAINTIFF is entitled to an order requiring the immediate delivery and
19 turnover of PLAINTIFF's collateral to PLAINTIFF or PLAINTIFF's designated agent.

20     53. PLAINTIFF is informed and believes and thereon alleges that the net
21 value of such currently available collateral after costs of collection is greater than
22 $10,000.00.

23     54. PLAINTIFF is entitled to the receipt of such assets and all gains, rights
24 and interests derived therefrom.

25     55. PLAINTIFF requires the imposition of injunctive orders to prevent the
26 dissipation, wrongful sale and misuse of its collateral by DEFENDANTS pending the
27 entry of judgment in this Action.

28

## SEVENTH CLAIM

(To Invoke Constructive Trust Based on Breach of Express Contract Against SMITH, PLASTICS and DOES 1-10, inclusive)

56. PLAINTIFF incorporates by reference herein each of the allegations contained in each of the preceding paragraphs of this Complaint.

57. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS have diverted assets away from KASCO and concealed same in order to derive personal benefit and deprive PLAINTIFF from its rightful interest in same under the Loan Documents, Security Agreement and UCC 1 Financing Statement.

58. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, are and have been unjustly enriched by the diversion and misallocation of said assets rightfully belonging to PLAINTIFF.

59. By reason of the aforesaid breaches and malfeasance of DEFENDANTS, DEFENDANTS are trustees, holding all such assets misallocated or diverted from KASCO and all resulting profits in constructive trust for PLAINTIFF with the duty to convey the same to PLAINTIFF forthwith.

## EIGHTH CLAIM

(Accounting Against DEFENDANTS)

60. PLAINTIFF incorporates by reference herein each of the allegations contained in each of the preceding paragraphs of this Complaint.

61. Plaintiff is entitled to a full and accurate accounting as to all receipts and disbursement of KASCO, SMITH, and PLASTICS and as otherwise related to the assets and interest of that entity assigned to PLAINTIFF.

WHEREFORE, PLAINTIFF requests the following relief:

First, Second and Third Claims:

1. For general damages in an amount according to proof, but in an amount expected to equal or exceed $75,000.00;

    2.    For an award of interest under the terms of the Note; and

    3.    For an award of attorneys' fees.

<u>Fourth and Fifth Claims:</u>

    4.    For general damages in an amount according to proof, but in an amount expected to equal or exceed $75,000.00; and

    5.    For punitive and exemplary damages to be determined by the trier of facts.

<u>Sixth Claim:</u>

    6.    For an order of Claim and Delivery.

<u>Seventh Claim:</u>

    7.    For imposition of a constructive trust.

<u>Eighth Claim:</u>

    8.    For an order requiring DEFENDANTS to Account.

<u>All Claims:</u>

    9.    For attorneys' fees as provided by law or agreement as against KASCO, SMITH and PLASTICS;

    10.    For all costs attendant to this action; and

    11.    For such other and further relief as this Court deems just and proper.

DATED: May 14, 2018              FITZGERALD YAP KREDITOR LLP

<u>/s/ Eric D. Dean</u>
Eric D. Dean
Attorneys for Plaintiff
Celtic Bank Corporation