FITZGERALD YAP KREDITOR LLP
Eric Dean (SBN 56854)
    edean@fyklaw.com
David M. Lawrence (SBN 210408)
    dlawrence@fyklaw.com
16148 Sand Canyon Avenue
Irvine, California 92618
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CELTIC BANK CORPORATION, a Utah corporation with its principal offices in the State of Utah,<br><br>          Plaintiff,<br><br>          v.<br><br>KASCO ENTERPRISES, INC., a California corporation;  JAMES A. SMITH, an individual; SMITH'S ACTION PLASTICS, INC., a California corporation; and DOES 1-20, inclusive,<br><br>          Defendants. | Case No.: 8:18-cv-00846-JLS-KSx<br><br>**STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FURTHER ORDERS UPON DEFAULT** |

Plaintiff CELTIC BANK CORPORATION ("Plaintiff" or "CELTIC BANK") and Defendants KASCO ENTERPRISES, INC. ("KASCO"), JAMES A. SMITH ("SMITH") and SMITH'S ACTION PLASTICS, INC. ("PLASTICS") (KASCO, SMITH and PLASTICS may sometimes collectively be referred to as "Defendants") hereby stipulate and agree as follows:

1.    On May 14, 2018, Plaintiff filed its Complaint in the above referenced Action.

2.    The Complaint arises from a loan transaction under which Plaintiff, a FDIC Insured Bank, made a loan to KASCO. The loan was and is secured by the pledge of all KASCO's assets, rights and interest, including, but not limited to, its inventory and account receivables (the "Kasco Loan").

3.    The Kasco Loan was and is unconditionally guaranteed by SMITH and PLASTICS.

4.    True, correct and genuine copies of the loan documents and unconditional guarantees are attached to Plaintiff's Complaint in the above captioned action as the following Exhibits:

|  |  |
|---|---|
| Exhibit "1" | Promissory Note |
| Exhibit "2" | SMITH Guaranty |
| Exhibit "3" | PLASTICS Guaranty |
| Exhibit "4" | Business Loan Agreement |
| Exhibit "5" | Security Agreement |
| Exhibit "6" | UCC Filing |
| Exhibit "7" | Change In Terms Agreement |

The above-referenced loan documents and security instruments shall collectively be referred to as the "Kasco Loan Documents". Each of the Kasco Loan Documents remains in full force and effect without modification or amendment except as expressly provided for in this Stipulation.

5.    KASCO is in default of its obligations under the Kasco Loan Documents, including, *inter alia*, by failing to make timely loan payments, failing to provide financial statements, and failing to account for the pledged collateral, including accounts receivable and inventory.

6.    SMITH and PLASTICS are in default of their obligations under their respective unconditional guarantees.

///

7.   The balance owed on the Promissory Note, the SMITH Guaranty and the PLASTICS Guaranty as of July 1, 2018 is $413,015.48, exclusive of attorney's fees and costs. Exhibit "A" attached hereto and incorporated herein by reference is a statement of account as to the Kasco Loan listing the payment and disbursement history.

8.   Plaintiff has and will incur attorney's fees and related expenses as a result of Defendants' defaults currently estimated to be in an amount not less than $8,500.00. Defendants acknowledge that $8,500.00 is reasonable and recoverable by Plaintiff under the terms of the Kasco Loan Documents. Defendants shall reimburse CELTIC BANK for such amount in addition to its other payment obligations under the terms of this Stipulation.

9.   Defendants and Plaintiff wish to settle all differences that exist or may exist between them under and in accordance with the terms hereinafter set forth.

10. Concurrent with the execution of this Stipulation, PLASTICS shall execute as collateral for the PLASTICS Guaranty a Commercial Security Agreement in favor of CELTIC BANK (similar in form to Exhibit "5" to the Complaint), which is attached hereto as Exhibit "B", to be perfected by a UCC Filing (similar in form to Exhibit "6" to the Complaint), which is attached hereto as Exhibit "B-1".

11. As additional security to ensure repayment, SMITH (and his spouse or any trust having an ownership interest in any of the following properties) shall duly execute a pledge agreement, which is attached hereto as Exhibit "C", and Deeds of Trust (with assignment of rents and a fixture filing included therein), which then shall be recorded against the following properties owned by them: (i) a single family residence located at 28 Rue Grande Ducal, Newport Beach, CA, in the form attached hereto as Exhibit "D"; (ii) a single family residence located at 79160 Bermuda Dunes Dr., Bermuda Dunes, CA, in the form attached hereto as Exhibit "E"; (iii) a commercial property located at 10397/10409 Aldor Drive, Bloomington, CA, in the form attached hereto as Exhibit "F"; and (iv) a commercial property located at 645 S. Santa Fe Street, Santa Ana, CA,

STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FURTHER ORDERS UPON DEFAULT

in the form attached hereto as Exhibit "G". SMITH shall also pay the costs of recording the Deeds of Trust by CELTIC BANK.

12. Concurrent with the execution of this Stipulation, PLASTICS and SMITH shall provide documentation to Plaintiff as follows:

    a. <u>JAMES A. SMITH</u>:

        (i) A true, correct and complete copy of his 2017 Form 1040 personal tax returns and supporting schedules for Schedule E pass-through income or losses;

        (ii) A true, correct and complete Personal Financial Statement as of July 1, 2018; and

        (iii) SMITH may file a notice of change of address at the post office for himself, KASCO and PLASTICS; provided that in the event of a default, CELTIC BANK may exercise any and all rights under the Kasco Loan Documents as described in this Stipulation, including, but not limited to, causing KASCO's and/or PLASTICS' mail to be directed to CELTIC BANK.

    b. <u>CELTIC BANK</u>:  Subject to and conditioned on Defendants, and each of them, due and timely execution and delivery of this (i) Stipulation, (ii) the Exhibits referenced in this Stipulation, (iii) timely tender of the initial $30,000.00 payment, and (iv) making the deliveries as set forth in this Stipulation, CELTIC BANK will provide a form of "Release of Notice of Assignment" to KASCO that KASCO can then transmit to its customers and, under the terms of that certain Stipulation Re: Consent Decree, request the Court to stay proceedings in the above captioned action. If Defendants, or any of them, fail to timely and fully meet each and all of their obligations under this Stipulation, even if later cured, CELTIC BANK reserves the right to rescind the "Release of Notice of Assignment".

///

c.  <u>PLASTICS:</u>  As of the date of execution of this Stipulation, PLASTICS will deliver to CELTIC BANK a fully and duly executed ACH authorization agreement for the monthly payment required under Section 13 of this Stipulation in the form attached hereto as Exhibit "H".

13.  <u>Payment of Amounts Owed.</u>  The following is the Kasco Loan repayment schedule.  Failure to make timely and full payment of each such required payment is an Event of Default under the terms of this Stipulation and the Kasco Loan Documents, and may result in the immediate acceleration of all amounts then owed upon notice of acceleration by mail or email to SMITH.

***AGREED AMOUNT OWED AS OF JULY 1, 2018*** *(prior to initial cash payment of $30,000):*

| | |
|---|---|
| Principal Balance | $394,095.62 |
| Accrued Interest (interest will continue to accrue) | $2,919.86 |
| Early Termination Fee | $16,000.00 |
| (may be forgiven if all other payments made) | |
| Attorneys Fees and Expenses | $8,500.00 |
| Total Debt | $421,515.48 |

Interest will continue to accrue at the Default Rate under the terms of the Promissory Note on the outstanding balance until the Kasco Loan is paid in full.

***PAYMENT SCHEDULE***

<u>Initial Cash Payment:</u>  Due upon execution of this Agreement ($30,000.00)

<u>Balance Then Owed:</u>  As of July 1, 2018: $391,515.48 (with credit for initial cash payment)

<u>Monthly Payments:</u>  Defendants represent and warrant that CELTIC BANK shall receive 12 consecutive monthly ACH payments commencing on August 15, 2018, and by the 15th day of each of 11 consecutive months thereafter, each in the amount of $10,000.00.

Notes:

    (i)  All payments must be received by CELTIC BANK by no later than the 15th day of the month.

    (ii) There are no grace periods or cure rights as to the tender of the monthly payments to CELTIC BANK. If payments are not timely received, CELTIC BANK may, in its sole discretion, seek the immediate entry of Judgment against Defendants, or any of them, and/or exercise its rights or remedies under the Kasco Loan Documents identified in this Stipulation.

    (iii)Payment will be applied first to accrued interest and then to principal.

    (iv)Any payments received directly by CELTIC BANK on accounts receivable of KASCO will be applied as due credit to the outstanding balance.

### *PAYMENT OF BALANCE OWED*

On or before August 31, 2019 (the "Modified Maturity Date"), the balance owed on the Kasco Loan shall be paid to CELTIC BANK in full. It is currently anticipated, subject to each Defendants' timely performance, that the balance owed on August 31, 2019 will be approximately $277,000.00, net of the Conditional Credit for Termination Fee.

14. Conditional Credit for Termination Fee.  If, but only if, Borrower timely makes all payments as provided for in Section 13 and otherwise fully and timely performs all obligations under this Stipulation, CELTIC BANK will forego payment of the early termination fee ($16,000.00). Any default under the terms of this Stipulation, even if later cured, will result in the imposition of the Termination Fee.

15. Default.  Defendants understand and acknowledge that should Defendants, or any of them, fail to timely and fully make all payments as set forth in Section 13 and/or fail to timely deliver duly executed security instruments as identified hereinabove or otherwise fail to meet their obligations under the Kasco Loan Documents, or any of

them, or this Stipulation, CELTIC BANK can, in its sole discretion, declare the acceleration of all amounts then due under the Kasco Loan Documents, the default provisions of the Promissory Note (including as to the continued imposition of default interest and late charges from and after May 23, 2018) and all other loan documents and security instruments shall apply, and CELTIC BANK may (i) seek the entry of judgment in this action against Defendants, or any of them, for all unpaid amounts due under the terms of this Stipulation and such additional amounts as may be incurred by Plaintiff for costs and attorney's fees; (ii) seek such other orders from the Court as CELTIC BANK may determine; and/or (iii) exercise any and all rights and remedies under the Kasco Loan Documents referenced herein or such additional remedies that may exist as a matter of law.

16. <u>Representations and Warranties of Borrower and Guarantors.</u>  KASCO, SMITH and PLASTICS represent and warrant to CELTIC BANK the following matters with the understanding that Lender is relying on said representations and warranties in entering into this Stipulation, and that all of said representations and warranties are true and correct on and as of the date hereof, and shall continue to be true and correct:

(a) <u>Power and Authority.</u>  KASCO, SMITH and PLASTICS have all requisite power and authority to enter into this Stipulation and all documents contemplated herein with this Stipulation, hereinafter sometimes referred to collectively as the "Documents", and to perform all actions required of them under the Documents.  SMITH represents and warrants that he has full authority to execute this Stipulation on behalf of KASCO and PLASTICS without obtaining the consent of any entity or person, and upon such execution, this Stipulation shall be a binding obligation of KASCO, SMITH and PLASTICS, and shall remain fully enforceable against KASCO, SMITH and PLASTICS in accordance with its terms until all indebtedness owed by Defendants, or any of them, is paid in full.

///

(b) <u>Litigation or Proceedings.</u>  There are no claims, actions, suits or other proceedings threatened or pending with respect to KASCO, SMITH and PLASTICS other than the instant action and __none_____ [*if none, state none*].

(c) <u>No Default.</u>  KASCO, SMITH and PLASTICS are not in default under any other obligations other than under CELTIC BANK Loan No. 17500246.

(d) <u>Tax Payments.</u>  KASCO, SMITH and PLASTICS are and shall remain current on all tax obligations until the Kasco Loan is paid in full.

17. <u>Releases.</u>

(a) <u>Release of All Claims by Defendants.</u>  Defendants, for themselves and their partners, managers, officers, directors, representatives, executors, administrators, attorneys, successors and assigns, do hereby remise, release and forever discharge CELTIC BANK, and any and all of CELTIC BANK's predecessors, affiliates, successors, assigns, representatives, executors, attorneys, partners, officers, directors, employees, agents, servants, subsidiaries, reinsurers and insurers of and from any and all liability for any and all claims, demands, damages, costs, liabilities, losses of services, losses, expenses, compensations, reimbursements, actions, rights and causes of action of any kind and nature, whether known or unknown, foreseen or unforeseen, resulting from or in any way arising or growing out of, directly or indirectly, any alleged acts of, failures to act or occurrences involving CELTIC BANK as to the Kasco Loan or otherwise, including, but not necessarily related to the subject matter of this action, the filing of the action and the prosecution of the action. Defendants warrant that they fully realize that they may have sustained unknown and unforeseen losses, costs, expenses, damages, liabilities, claims, and the consequences thereof, which may be at this time, heretofore and hereafter, unknown, unrecognized and not contemplated by them, which have or may result from the above mentioned

matters, and that the Defendants are knowingly waiving and releasing all rights to make claims, seek relief, or file lawsuits for such unknown and unforeseen losses, costs, expenses, damages, liabilities, claims and the consequences thereof.

(b) <u>Conditional Release of Claims by CELTIC BANK.</u> Subject to and conditioned on Defendants, and each of them, timely and fully meeting all of their respective obligations under the terms of this Stipulation and the Kasco Loan Documents referenced herein, CELTIC BANK, for itself and its officers, directors, representatives, managers, administrators, attorneys, successors and assigns, shall at such time but not before release and forever discharge Defendants, and each of them, CELTIC BANK, and any and all of their predecessors, affiliates, successors, assigns, representatives, executors, attorneys, partners, officers, directors, employees, agents, servants, subsidiaries, reinsurers and insurers of and from any and all liability for any and all claims, demands, damages, costs, liabilities, losses of services, losses, expenses, compensations, reimbursements, actions, rights and causes of action of any kind and nature, whether known or unknown, foreseen or unforeseen, resulting from or in any way arising or growing out of, directly or indirectly, any alleged acts of, failures to act or occurrences which is the subject matter of this action. CELTIC BANK warrants that it fully realizes it may have sustained unknown and unforeseen losses, costs, expenses, damages, liabilities, claims, and the consequences thereof, which may be at this time, heretofore and hereafter, unknown, unrecognized and not contemplated by them, which have or may result from the above mentioned matters, and that upon full and timely payment of all amounts due from Defendants under the terms of this Stipulation, it is knowingly waiving and releasing all rights to make claims, seek relief, or file lawsuits for such unknown and unforeseen losses, costs, expenses, damages, liabilities, claims

1    and the consequences thereof.

2    18. <u>Binding Effect.</u>  This Stipulation shall be binding upon and shall inure to the

3    benefit of the parties hereto and their respective successors and assigns.

4    19. <u>No Duress.</u>  Each party to this Stipulation acknowledges and warrants that its

5    execution of this Stipulation is free and voluntary.

6    20. <u>Severability; Integration.</u>  The inapplicability or unenforceability of any

7    provision of this Stipulation shall not limit or impair the operation or validity of any

8    other provision of this Stipulation. No modification or waiver with respect to this

9    Stipulation shall be effective unless in writing and signed by the party to be charged.

10   21. <u>Governing Law.</u>  This Stipulation is executed and delivered in the State of Utah,

11   and the laws of the State of Utah shall govern its enforcement without giving effect to

12   the choice of law provisions thereof.

13   22. <u>Equal Interpretation.</u>  This Stipulation shall not be construed as if it had been

14   prepared by one of the parties, but rather as if all parties had prepared it, without regard

15   to California Civil Code section 1542, or similar statutes, because it has been reviewed

16   by each party and its/his/her counsel and found to be fair and in accordance with the

17   intentions and agreements intended to be made by each party. Should interpretation

18   hereof ever be necessary, this Stipulation shall be interpreted simply and fairly, and

19   neither for nor against any party hereto.

20   23. <u>Integrated Agreement.</u> This Stipulation constitutes a single, integrated, written

21   contract expressing the entire understanding and agreement between the parties, as to

22   the subject matter herein and the terms are contractual and not merely recitals. There is

23   no other agreement, written or oral, expressed or implied between the parties with

24   respect to the subject matter of this Stipulation and the parties declare and represent that

25   no promise, inducement or other agreement not expressly contained in this Stipulation

26   has been made conferring any benefit upon them or upon which they have relied in any

27   way. The terms and conditions of this Stipulation may not be contradicted by evidence

28   of any prior or contemporaneous agreement, and no extrinsic evidence may be

1  introduced in any judicial proceeding to interpret this Stipulation.

2     24. No Waiver by CELTIC BANK.  No failure on the part of CELTIC BANK to

3  insist upon prompt compliance with the terms of this Stipulation shall constitute any

4  waiver of rights under this Stipulation or the Kasco Loan Documents.

5     25. Reliance.  KASCO, SMITH and PLASTICS each acknowledge and agree that

6  CELTIC BANK is relying on the representations, warranties, covenants, waivers,

7  releases, acknowledgments and agreements contained herein in agreeing to forbear

8  from exercising its rights under the Kasco Loan Documents and that CELTIC BANK

9  would not be willing to forbear without such representations, warranties, covenants,

10  waivers, releases, acknowledgments and agreements.

11     26. Full Force and Effect.  Except as expressly provided herein, this Stipulation does

12  not alter or amend the Kasco Loan Documents identified above, each of which are and

13  shall remain in force and effect as originally entered into.

14     27. Notices.  Any and all notices required or permitted hereunder shall be given in

15  writing by email and personally delivered or sent by registered or certified mail, return

16  receipt requested, with postage prepaid, addressed as follows:

17       To Lender:
18       CELTIC BANK Corporation
         Attn.: Leslie K. Rinaldi, General Counsel
19       268 South State Street
20       Suite 300
         Salt Lake City, UT 84111
21       Email addresses: LRinaldi@celticbank.com; DGodfrey@celticbank.com
22
         To Borrower & Guarantors:
23       James A. SMITH
24       28 Rue Grand Ducal
         Newport Beach, CA 92660
25       Email: _actionplastics77@gmail.com_
26       Phone: _(714) 824-1956_

27       Notice shall be deemed effective three (3) days after mailing as described above,

28  or upon the date notice was personally delivered as described above.

28. <u>Time is of the Essence.</u>  The parties agree that time is of the essence.

29. <u>Further Instruments and Documents.</u>  Each party hereto shall, promptly upon request of the other, have acknowledged and delivered to the other any and all further instruments and assurances reasonably appropriate to evidence or give effect to the provisions of this Stipulation.

30. <u>Attorneys' Fees.</u>  In the event of any litigation by any party hereto to enforce the terms of this Stipulation, the prevailing party in such litigation shall be entitled to receive from the other party payment of attorneys' fees incurred (whether before or after commencement of such litigation) by the prevailing party.

31. <u>Counterparts.</u> This Stipulation may be executed in counterparts with each counterpart being one and the same and each enforceable. Electronic signatures shall have the same force and effect as an original signature.

[Signatures on Following Page]

1

2

3   Dated: _7/19/2018_                      CELTIC BANK CORPORATION

4                                           By: _____

5                                           Name & Title: _Leslie K. Rinaldi_

6                                                          _General Counsel_

7

8

9

10

11                   STATE OF _UTAH_        )

12                           ) ss.

13  COUNTY OF _SALT LAKE_ )

14

15  On _July 19_, 201_8_, before me, _JoAnne Robinson_,

16  a Notary Public, personally appeared _Leslie K. Rinaldi_, who proved to me on

17  the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to

18  the within instrument and acknowledged to me that ~~he/she/they~~ executed the same in

19  ~~his/her/their~~ authorized capacity(ies), and that by ~~his/her/their~~ signature(s) on the

20  instrument the person(s), or the entity upon behalf of which the person(s) acted,

21  executed the instrument.

22  WITNESS my hand and official seal.

23

24

25  Signature _____                    (SEAL)

26

27

28

Notary Public
JoANNE ROBINSON
Commission #685160
My Commission Expires
November 24, 2019
State of Utah

STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FURTHER ORDERS UPON DEFAULT

1

2

3   Dated: _7 - 17 - 18_          JAMES A. SMITH

4

5                                  _____

6                                  James A.  SMITH

7

8

9

10

11                    STATE OF _____    )

12                    ) ss.

13   COUNTY OF_____    )

14

15   On _____, 201___, before me, _____,

16   a Notary Public, personally appeared _____, who proved to me on

17   the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to

18   the within instrument and acknowledged to me that he/she/they executed the same in

19   his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the

20   instrument the person(s), or the entity upon behalf of which the person(s) acted,

21   executed the instrument.

22   WITNESS my hand and official seal.

23

24

25   Signature _____SEE Attached_____          (SEAL)

26

27

28

-14-

STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FURTHER ORDERS UPON DEFAULT

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                              CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _ORANGEE_

On _July 17 2018_ before me, _Anne Mansour, Notary Public_,
　　　*Date*　　　　　　　　　　　　　　*Here Insert Name and Title of the Officer*

personally appeared _JAMES A. SMITH._
　　　　　　　　　　　　　*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ANNE MANSOUR
Commission # 2115355
Notary Public - California
Orange County
My Comm. Expires Jul 11, 2019

*Place Notary Seal and/or Stamp Above*

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Anne Mansour._
　　　　　　*Signature of Notary Public*

─────────────────── OPTIONAL ───────────────────

*Completing this information can deter alteration of the document or
fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Stipulation for Entry of Consent Judgement &_
Document Date: _7/17/2018  further order upon default_ Number of Pages: _14_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _James A. Smith_
□ Corporate Officer – Title(s): _____
□ Partner – □ Limited □ General
☑ Individual　　　　□ Attorney in Fact
□ Trustee　　　　□ Guardian of Conservator
□ Other: _____
Signer is Representing: _____

Signer's Name: _____
□ Corporate Officer – Title(s): _____
□ Partner – □ Limited □ General
□ Individual　　　　□ Attorney in Fact
□ Trustee　　　　□ Guardian of Conservator
□ Other: _____
Signer is Representing: _____

©2017 National Notary Association

1

2

3    Dated: _____7-17-18_____          KASCO ENTERPRISES, INC., a California
                                       corporation
4

5                                      By: _____
6                                      Name & Title: _JAMES A. SMITH  Pres_
7

8

9

10

11                    STATE OF _California_  )

12                            ) ss.

13    COUNTY OF _Orange_  )

14

15    On _____July 19_____, 201_8_, before me, _Marielle Kaminski, Notary Public_

16    a Notary Public, personally appeared _James A. Smith_, who proved to me on

17    the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to

18    the within instrument and acknowledged to me that he/she/they executed the same in

19    his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the

20    instrument the person(s), or the entity upon behalf of which the person(s) acted,

21    executed the instrument.

22    WITNESS my hand and official seal.

23                                       MARIELLE CHRISTINE KAMINSKI
                                         Notary Public - California
24                                       Orange County
                                         Commission # 2175025
25    Signature _____     My Comm. Expires Dec 9, 2020        (SEAL)

26

27

28

-15-

STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FURTHER ORDERS UPON DEFAULT

1

2

3  Dated: _7-17-18_                    SMITH'S ACTION PLASTICS, INC., a

4                                      California corporation

5                                      By: _____

6                                      Name & Title: _JAmes A. Smith_

7

8

9

10

11              STATE OF _California_  )

12                      ) ss.

13  COUNTY OF _Orange_  )

14

15  On _July 19_, 201_8_, before me, _Marielle Christine Kaminski_,

16  a Notary Public, personally appeared _James A. Smith_, who proved to me on

17  the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to

18  the within instrument and acknowledged to me that he/she/they executed the same in

19  his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the

20  instrument the person(s), or the entity upon behalf of which the person(s) acted,

21  executed the instrument.

22  WITNESS my hand and official seal.

23

24

25  Signature _____                    (SEAL)

26

27

28

-16-

STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FURTHER ORDERS UPON DEFAULT



1   Approved as to Form and Content:

2

3   Dated: _7 - 17 - 18_                McGee & Associates

4

5                                       By: _____

6                                          James F. McGee
                                           Attorneys for Defendants

7   Dated: _7 -19 -18_                  FitzGerald Yap Kreditor LLP

8

9                                       By: _____

10                                         Eric D. Dean

11                                         Attorneys for Plaintiff Celtic Bank
                                           Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FURTHER ORDERS UPON DEFAULT

Exhibit A

**Celtic Bank**
**Loan Transaction History - Loan 17500246 - KASCO ENTERPRISES, INC.**
Start date: 08/29/2017 thru End date: 07/01/2018
July 3, 2018

| Code | Description | Transaction date | Post date | Transaction | Principal | Interest | Late charges | Fees | Escrow | Dealer interest | Unapplied | Balance | Group | Payment due | Interest due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 06/28/2018 | 06/28/2018 | -101.48 | -101.48 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 393,994.14 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 06/22/2018 | 06/22/2018 | -613.10 | -613.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 394,095.62 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 06/19/2018 | 06/19/2018 | -341.68 | -341.68 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 394,708.72 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 06/12/2018 | 06/12/2018 | -4,949.60 | -4,949.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 395,050.40 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 06/08/2018 | 06/08/2018 | 18.16 | 18.16 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400,000.00 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 06/06/2018 | 06/06/2018 | -2,465.97 | -2,465.97 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 399,981.84 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 06/05/2018 | 06/05/2018 | -1,689.98 | -1,689.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 402,447.81 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 06/04/2018 | 06/04/2018 | -12,534.43 | -12,534.43 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 404,137.79 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 06/01/2018 | 06/01/2018 | 3,082.89 | 3,082.89 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 416,672.22 | 2 | | |
| 808 | Interest Payment | 06/01/2018 | 06/01/2018 | -3,082.89 | 0.00 | -3,082.89 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 413,589.33 | 1 | | 05/31/2018 |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 05/30/2018 | 05/30/2018 | -2,169.17 | -2,169.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 413,589.33 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 05/24/2018 | 05/24/2018 | -154.19 | -154.19 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 415,758.50 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 05/11/2018 | 05/11/2018 | -5,915.16 | -5,915.16 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 415,912.69 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 05/08/2018 | 05/08/2018 | -12,558.94 | -12,558.94 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 421,827.85 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 05/03/2018 | 05/03/2018 | 47.88 | 47.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 434,386.79 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 05/02/2018 | 05/02/2018 | -748.02 | -748.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 434,338.91 | 2 | | |
| 808 | Interest Payment | 05/02/2018 | 05/02/2018 | -3,085.63 | 0.00 | -3,085.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 435,086.93 | 1 | | 04/30/2018 |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 04/30/2018 | 04/30/2018 | -161.00 | -161.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 435,086.93 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 04/24/2018 | 04/24/2018 | -1,823.09 | -1,823.09 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 435,247.93 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 04/23/2018 | 04/23/2018 | 43,571.96 | 43,571.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 437,071.02 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 04/19/2018 | 04/19/2018 | -8,023.89 | -8,023.89 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 393,499.06 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 04/17/2018 | 04/17/2018 | -4,500.00 | -4,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 401,522.95 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 04/16/2018 | 04/16/2018 | -44,382.91 | -44,382.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 406,022.95 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 04/11/2018 | 04/11/2018 | -3,353.19 | -3,353.19 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 450,405.86 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 04/04/2018 | 04/04/2018 | 5.90 | 5.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 453,759.05 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 04/02/2018 | 04/02/2018 | 3,223.06 | 3,223.06 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 453,753.15 | 2 | | |
| 808 | Interest Payment | 04/02/2018 | 04/02/2018 | -3,223.06 | 0.00 | -3,223.06 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 450,530.09 | 1 | | 03/31/2018 |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 03/23/2018 | 03/23/2018 | -5,000.00 | -5,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 450,530.09 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 03/07/2018 | 03/07/2018 | 50.89 | 50.89 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 455,530.09 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 03/01/2018 | 03/01/2018 | 3,153.75 | 3,153.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 455,479.20 | 2 | | |
| 808 | Interest Payment | 03/01/2018 | 03/01/2018 | -3,153.75 | 0.00 | -3,153.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 452,325.45 | 1 | | 02/28/2018 |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/27/2018 | 02/27/2018 | -26,199.15 | -26,199.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 452,325.45 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/22/2018 | 02/22/2018 | -2,026.02 | -2,026.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 478,524.60 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/21/2018 | 02/21/2018 | -2,654.35 | -2,654.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 480,550.62 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/20/2018 | 02/20/2018 | -2,699.65 | -2,699.65 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 483,204.97 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/15/2018 | 02/15/2018 | -1,189.49 | -1,189.49 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 485,904.62 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/14/2018 | 02/14/2018 | -7,444.01 | -7,444.01 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 487,094.11 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/09/2018 | 02/09/2018 | -4,425.27 | -4,425.27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 494,538.12 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/07/2018 | 02/07/2018 | -4,063.67 | -4,063.67 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 498,963.39 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/05/2018 | 02/05/2018 | -6,548.31 | -6,548.31 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 503,027.06 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/02/2018 | 02/02/2018 | -5,175.29 | -5,175.29 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 509,575.37 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 02/01/2018 | 02/01/2018 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 514,750.66 | 2 | | |
| 808 | Interest Payment | 02/01/2018 | 02/01/2018 | -3,928.04 | 0.00 | -3,928.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 516,344.48 | 1 | | 01/31/2018 |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/30/2018 | 01/30/2018 | -1,071.86 | -1,071.86 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 516,344.48 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/29/2018 | 01/29/2018 | -62,068.44 | -62,068.44 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 517,416.34 | 1 | | |
| 411 | WIRE ADVANCE | 01/26/2018 | 01/26/2018 | 65,010.00 | 65,010.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 579,484.78 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/25/2018 | 01/25/2018 | -8,190.24 | -8,190.24 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 514,474.78 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/22/2018 | 01/22/2018 | -4,971.46 | -4,971.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 522,665.02 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/19/2018 | 01/19/2018 | -11,378.43 | -11,378.43 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 527,636.48 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/17/2018 | 01/17/2018 | -20,254.23 | -20,254.23 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 539,014.91 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/16/2018 | 01/16/2018 | -6,297.30 | -6,297.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 559,269.14 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/11/2018 | 01/11/2018 | -1,715.31 | -1,715.31 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 565,566.44 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/10/2018 | 01/10/2018 | -3,154.31 | -3,154.31 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 567,281.75 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/09/2018 | 01/09/2018 | -6,019.58 | -6,019.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 570,436.06 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/08/2018 | 01/08/2018 | -1,410.70 | -1,410.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 576,455.64 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/05/2018 | 01/05/2018 | -12,775.68 | -12,775.68 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 577,866.34 | 1 | | |
| 411 | WIRE ADVANCE | 01/04/2018 | 01/04/2018 | -16,281.76 | -16,281.76 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 590,642.02 | 2 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/04/2018 | 01/04/2018 | 63,010.00 | 63,010.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 606,923.78 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 01/03/2018 | 01/03/2018 | -10,340.04 | -10,340.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 543,913.78 | 1 | | |
| 411 | TRANSFER TO DEP XXXXXXXX0246 | 01/02/2018 | 01/02/2018 | 3,625.43 | 3,625.43 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 554,253.82 | 2 | | |
| 808 | Interest Payment | 01/02/2018 | 01/02/2018 | -3,625.43 | 0.00 | -3,625.43 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 550,628.39 | 1 | | 12/31/2017 |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 12/29/2017 | 12/29/2017 | -23,861.24 | -23,861.24 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 550,628.39 | 1 | | |
| 412 | TRANSFER FROM DEP XXXXXXXX0246 | 12/28/2017 | 12/28/2017 | -47.88 | -47.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 574,489.63 | 1 | | |

| Type | Description | Date 1 | Date 2 | | | | | | | | | Balance | Flag | Post Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/27/2017 | 12/27/2017 | -1,320.37 | -1,320.37 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 574,537.51 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/21/2017 | 12/21/2017 | -18,964.65 | -18,964.65 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 575,857.88 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/20/2017 | 12/20/2017 | -275.84 | -275.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 594,822.53 | 2 | |
| 411 | WIRE ADVANCE | 12/20/2017 | 12/20/2017 | 74,010.00 | 74,010.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 595,098.37 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/18/2017 | 12/18/2017 | -2,892.93 | -2,892.93 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 521,088.37 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/15/2017 | 12/15/2017 | -1,087.62 | -1,087.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 523,981.30 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/13/2017 | 12/13/2017 | -16,768.73 | -16,768.73 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 525,068.92 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/11/2017 | 12/11/2017 | -17,996.60 | -17,996.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 541,837.65 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/08/2017 | 12/08/2017 | -1,879.41 | -1,879.41 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 559,834.25 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 12/07/2017 | 12/07/2017 | -3,226.84 | -3,226.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 561,713.66 | 1 | |
| 411 | WIRE ADVANCE | 12/06/2017 | 12/06/2017 | 151,140.77 | 151,140.77 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 564,940.50 | 1 | |
| 411 | TRANSFER TO DEP XXXXXXXX024€ | 12/05/2017 | 12/05/2017 | 44.00 | 44.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 413,799.73 | 2 | |
| 411 | MODIFICATION FEE | 12/05/2017 | 12/05/2017 | 500.00 | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 413,755.73 | 1 | |
| 411 | TRANSFER TO DEP XXXXXXXX024€ | 12/01/2017 | 12/01/2017 | 2,786.09 | 2,786.09 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 413,255.73 | 2 | |
| 808 | Interest Payment | 12/01/2017 | 12/01/2017 | -2,786.09 | 0.00 | -2,786.09 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 410,469.64 | 1 | 11/30/2017 |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/27/2017 | 11/27/2017 | -2,097.43 | -2,097.43 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 410,469.64 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/22/2017 | 11/22/2017 | -3,219.75 | -3,219.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 412,567.07 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/20/2017 | 11/20/2017 | -1,380.12 | -1,380.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 415,786.82 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/15/2017 | 11/15/2017 | -8,666.13 | -8,666.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 417,166.94 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/14/2017 | 11/14/2017 | -629.58 | -629.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 425,833.07 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/13/2017 | 11/13/2017 | -6,465.28 | -6,465.28 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 426,462.65 | 1 | |
| 411 | WIRE ADVANCE | 11/09/2017 | 11/09/2017 | 50,010.00 | 50,010.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 432,927.93 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/07/2017 | 11/07/2017 | -33,669.42 | -33,669.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 382,917.93 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/03/2017 | 11/03/2017 | -818.42 | -818.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 416,587.35 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 11/02/2017 | 11/02/2017 | -3,169.57 | -3,169.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 417,405.77 | 1 | |
| 411 | TRANSFER TO DEP XXXXXXXX024€ | 11/01/2017 | 11/01/2017 | 3,219.74 | 3,219.74 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 420,575.34 | 3 | |
| 808 | Interest Payment | 11/01/2017 | 11/01/2017 | -3,219.74 | 0.00 | -3,219.74 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 417,355.60 | 2 | 10/31/2017 |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/31/2017 | 10/31/2017 | -4,881.04 | -4,881.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 417,355.60 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/30/2017 | 10/30/2017 | -20,969.82 | -20,969.82 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 422,236.64 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/27/2017 | 10/27/2017 | -11,737.44 | -11,737.44 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 443,206.46 | 1 | |
| 411 | WIRE ADVANCE | 10/26/2017 | 10/26/2017 | 50,010.00 | 50,010.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 454,943.90 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/25/2017 | 10/25/2017 | -31,653.30 | -31,653.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 404,933.90 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/23/2017 | 10/23/2017 | -19,624.72 | -19,624.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 436,587.20 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/19/2017 | 10/19/2017 | -172.14 | -172.14 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 456,211.92 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/16/2017 | 10/16/2017 | -10,281.70 | -10,281.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 456,384.06 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/13/2017 | 10/13/2017 | -18,539.16 | -18,539.16 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 466,665.76 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/11/2017 | 10/11/2017 | -3,772.63 | -3,772.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 485,204.92 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/06/2017 | 10/06/2017 | -5,841.95 | -5,841.95 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 488,977.55 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/05/2017 | 10/05/2017 | -5,579.17 | -5,579.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 494,819.50 | 2 | |
| 412 | CHECK DEPOSIT | 10/04/2017 | 10/05/2017 | -2,571.70 | -2,571.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500,398.67 | 1 | |
| AJC | INTEREST ADJUSTMENT CREDIT | 10/04/2017 | 10/05/2017 | -0.57 | 0.00 | -0.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 502,970.37 | 1 | |
| 412 | TRANSFER FROM DEP XXXXXXXX024€ | 10/04/2017 | 10/04/2017 | -3,912.92 | -3,912.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 502,970.37 | 2 | |
| 412 | PRINCIPAL ONLY | 10/04/2017 | 10/04/2017 | -111.87 | -111.87 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 506,883.29 | 1 | |
| 411 | TRANSFER TO DEP XXXXXXXX024€ | 09/29/2017 | 09/29/2017 | 2,571.70 | 2,571.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 506,995.16 | 2 | |
| 808 | Interest Payment | 09/29/2017 | 09/29/2017 | -2,571.70 | 0.00 | -2,571.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 504,423.46 | 1 | 09/30/2017 |
| 411 | CALCAP SUPPORT FEE | 09/12/2017 | 09/12/2017 | 1,200.00 | 1,200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 504,423.46 | 1 | |
| 411 | FAS 91/ORIGINATION FEE | 09/07/2017 | 11/01/2017 | 1,004.15 | 1,004.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 503,223.46 | 1 | |
| AJD | INTEREST ADJUSTMENT DEBIT | 09/07/2017 | 11/01/2017 | 12.27 | 0.00 | 12.27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 502,219.31 | 1 | |
| 411 | WIRE ADVANCE | 09/07/2017 | 09/08/2017 | 502,219.31 | 502,219.31 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 502,219.31 | 1 | |
| AJD | INTEREST ADJUSTMENT DEBIT | 09/07/2017 | 09/08/2017 | 111.60 | 0.00 | 111.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1 | |
| NEW | NEW LOAN | 08/29/2017 | 09/05/2017 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0 | |

Exhibit B

# COMMERCIAL SECURITY AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $421,515.00 | 08-29-2017 | 08-28-2018 | 17500246 | 51 / 12 | | DCG | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Kasco Enterprises, Inc.
645 South Santa Fe Street
Santa Ana, CA 92705

**Lender:** Celtic Bank Corporation
268 S. State Street
Suite 300
Salt Lake City, UT 84111

**Grantor:** Smith's Action Plastics Inc.
645 South Santa Fe Street
Santa Ana, CA 92705

---

**THIS COMMERCIAL SECURITY AGREEMENT** dated July 9, 2018, is made and executed among Smith's Action Plastics Inc. ("Grantor"); Kasco Enterprises, Inc. ("Borrower"); and Celtic Bank Corporation ("Lender").

**GRANT OF SECURITY INTEREST.** For valuable consideration, Grantor grants to Lender a security interest in the Collateral to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law.

**COLLATERAL DESCRIPTION.** The word "Collateral" as used in this Agreement means the following described property, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located, in which Grantor is giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under the Note and this Agreement:

> **All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles**

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

**FUTURE ADVANCES.** In addition to the Note, this Agreement secures all future advances made by Lender to Borrower regardless of whether the advances are made a) pursuant to a commitment or b) for the same purposes.

**BORROWER'S WAIVERS AND RESPONSIBILITIES.** Except as otherwise required under this Agreement or by applicable law, (A) Borrower agrees that Lender need not tell Borrower about any action or inaction Lender takes in connection with this Agreement; (B) Borrower assumes the responsibility for being and keeping informed about the Collateral; and (C) Borrower waives any defenses that may arise because of any action or inaction of Lender, including without limitation any failure of Lender to realize upon the Collateral or any delay by Lender in realizing upon the Collateral; and Borrower agrees to remain liable under the Note no matter what action Lender takes or fails to take under this Agreement.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (A) this Agreement is executed at Borrower's request and not at the request of Lender; (B) Grantor has the full right, power and authority to enter into this Agreement and to pledge the Collateral to Lender; (C) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (D) Lender has made no representation to Grantor about Borrower or Borrower's creditworthiness.

**GRANTOR'S WAIVERS.** Except as prohibited by applicable law, Grantor waives any right to require Lender to (A) make any presentment, protest, demand, or notice of any kind, including notice of change of any terms of repayment of the Indebtedness, default by Borrower or any other guarantor or surety, any action or nonaction taken by Borrower, Lender, or any other guarantor or surety of Borrower, or the creation of new or additional Indebtedness; (B) proceed against any person, including Borrower, before proceeding against Grantor; (C) proceed against any collateral for the Indebtedness, including Borrower's collateral, before proceeding against Grantor; (D) apply any payments or proceeds received against the Indebtedness in any order; (E) give notice of the terms, time, and place of any sale of any collateral pursuant to the Uniform Commercial Code or any other law governing such sale; (F) disclose any information about the Indebtedness, the Borrower, any collateral, or any other guarantor or surety, or about any action or nonaction of Lender; or (G) pursue any remedy or course of action in Lender's power whatsoever.

Grantor also waives any and all rights or defenses arising by reason of (A) any disability or other defense of Borrower, any other guarantor or surety or any other person; (B) the cessation from any cause whatsoever, other than payment in full, of the Indebtedness; (C) the application of proceeds of the Indebtedness by Borrower for purposes other than the purposes understood and intended by Grantor and Lender; (D) any act of omission or commission by Lender which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any collateral by operation of law or otherwise; (E) any statute of limitations in any action under this Agreement or on the Indebtedness; or (F) any modification or change in terms of the Indebtedness, whatsoever, including without limitation, the renewal, extension, acceleration, or other change in the time payment of the Indebtedness is due and any change in the interest rate.

Grantor also waives all rights and defenses arising out of an election of remedies by Lender even though that election of remedies, such as a non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Grantor's rights of subrogation and reimbursement against Borrower by operation of Section 580d of the California Code of Civil Procedure or otherwise.

## COMMERCIAL SECURITY AGREEMENT
**(Continued)**

Loan No: 17500246

Page 2

---

Grantor waives all rights and defenses that Grantor may have because Borrower's obligation is secured by real property. This means among other things: (1) Lender may collect from Grantor without first foreclosing on any real property collateral pledged by Borrower ; and (2) If Lender forecloses on any real property collateral pledged by the Borrower : (A) The amount of the Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; (B) The Lender may collect from the Grantor even if the Lender, by foreclosing on the real property collateral, has destroyed any right the Grantor may have to collect from the borrower. This is an unconditional and irrevocable waiver of any rights and defenses the Grantor may have because the Borrower's obligation is secured by real property. These rights and defenses include, but are not limited to, any rights and defenses based upon Sections 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

Grantor understands and agrees that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which Grantor might otherwise be entitled under state and federal law. The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code. Grantor further understands and agrees that this Agreement is a separate and independent contract between Grantor and Lender, given for full and ample consideration, and is enforceable on its own terms. Grantor acknowledges that Grantor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Lender. Until all Indebtedness is paid in full, Grantor waives any right to enforce any remedy Grantor may have against Borrower or any other guarantor, surety, or other person, and further, Grantor waives any right to participate in any collateral for the Indebtedness now or hereafter held by Lender.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Grantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Grantor holds jointly with someone else and all accounts Grantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Grantor authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the Indebtedness against any and all such accounts.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE COLLATERAL.** With respect to the Collateral, Grantor represents and promises to Lender that:

**Perfection of Security Interest.** Grantor agrees to take whatever actions are requested by Lender to perfect and continue Lender's security interest in the Collateral. Upon request of Lender, Grantor will deliver to Lender any and all of the documents evidencing or constituting the Collateral, and Grantor will note Lender's interest upon any and all chattel paper and instruments if not delivered to Lender for possession by Lender. **This is a continuing Security Agreement and will continue in effect even though all or any part of the Indebtedness is paid in full and even though for a period of time Borrower may not be indebted to Lender.**

**Notices to Lender.** Grantor will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (1) change in Grantor's name; (2) change in Grantor's assumed business name(s); (3) change in the management of the Corporation Grantor; (4) change in the authorized signer(s); (5) change in Grantor's principal office address; (6) change in Grantor's state of organization; (7) conversion of Grantor to a new or different type of business entity; or (8) change in any other aspect of Grantor that directly or indirectly relates to any agreements between Grantor and Lender. No change in Grantor's name or state of organization will take effect until after Lender has received notice.

**No Violation.** The execution and delivery of this Agreement will not violate any law or agreement governing Grantor or to which Grantor is a party, and its certificate or articles of incorporation and bylaws do not prohibit any term or condition of this Agreement.

**Enforceability of Collateral.** To the extent the Collateral consists of accounts, chattel paper, or general intangibles, as defined by the Uniform Commercial Code, the Collateral is enforceable in accordance with its terms, is genuine, and fully complies with all applicable laws and regulations concerning form, content and manner of preparation and execution, and all persons appearing to be obligated on the Collateral have authority and capacity to contract and are in fact obligated as they appear to be on the Collateral. At the time any account becomes subject to a security interest in favor of Lender, the account shall be a good and valid account representing an undisputed, bona fide indebtedness incurred by the account debtor, for merchandise held subject to delivery instructions or previously shipped or delivered pursuant to a contract of sale, or for services previously performed by Grantor with or for the account debtor. So long as this Agreement remains in effect, Grantor shall not, without Lender's prior written consent, compromise, settle, adjust, or extend payment under or with regard to any such Accounts. There shall be no setoffs or counterclaims against any of the Collateral, and no agreement shall have been made under which any deductions or discounts may be claimed concerning the Collateral except those disclosed to Lender in writing.

**Location of the Collateral.** Except in the ordinary course of Grantor's business, Grantor agrees to keep the Collateral (or to the extent the Collateral consists of intangible property such as accounts or general intangibles, the records concerning the Collateral) at Grantor's address shown above or at such other locations as are acceptable to Lender. Upon Lender's request, Grantor will deliver to Lender in form satisfactory to Lender a schedule of real properties and Collateral locations relating to Grantor's operations, including without limitation the following: (1) all real property Grantor owns or is purchasing; (2) all real property Grantor is renting or leasing; (3) all storage facilities Grantor owns, rents, leases, or uses; and (4) all other properties where Collateral is or may be located.

**Removal of the Collateral.** Except in the ordinary course of Grantor's business, including the sales of inventory, Grantor shall not remove the Collateral from its existing location without Lender's prior written consent. To the extent that the Collateral consists of vehicles, or other titled property, Grantor shall not take or permit any action which would require application for certificates of title for the vehicles outside the State of California, without Lender's prior written consent. Grantor shall, whenever requested, advise Lender of the exact location of the Collateral.

**Transactions Involving Collateral.** Except for inventory sold or accounts collected in the ordinary course of Grantor's business, or as otherwise provided for in this Agreement, Grantor shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral. While Grantor is not in default under this Agreement, Grantor may sell inventory, but only in the ordinary course of its business and only to buyers who qualify as a buyer in the ordinary course of business. A sale in the ordinary course of Grantor's business does not include a transfer in partial or total satisfaction of a debt or any bulk sale. Grantor shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest, encumbrance, or charge, other than the security interest provided for in this Agreement, without the prior written consent of Lender. This includes security interests even if junior in right to the security interests granted under this Agreement. Unless waived by Lender, all proceeds from any disposition of the Collateral (for whatever reason) shall be held in trust for Lender and shall not be commingled with any other funds; provided however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately deliver any such proceeds to Lender.

**Title.** Grantor represents and warrants to Lender that Grantor holds good and marketable title to the Collateral, free and clear of all liens and encumbrances except for the lien of this Agreement. No financing statement covering any of the Collateral is on file in any public office other than those which reflect the security interest created by this Agreement or to which Lender has specifically consented. Grantor shall defend Lender's rights in the Collateral against the claims and demands of all other persons.

**Repairs and Maintenance.** Grantor agrees to keep and maintain, and to cause others to keep and maintain, the Collateral in good order,

**COMMERCIAL SECURITY AGREEMENT**
**(Continued)**

Loan No: 17500246                                                                                             Page 3

---

repair and condition at all times while this Agreement remains in effect. Grantor further agrees to pay when due all claims for work done on, or services rendered or material furnished in connection with the Collateral so that no lien or encumbrance may ever attach to or be filed against the Collateral.

**Inspection of Collateral.** Lender and Lender's designated representatives and agents shall have the right at all reasonable times to examine and inspect the Collateral wherever located.

**Taxes, Assessments and Liens.** Grantor will pay when due all taxes, assessments and liens upon the Collateral, its use or operation, upon this Agreement, upon any promissory note or notes evidencing the Indebtedness, or upon any of the other Related Documents. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized in Lender's sole opinion. If the Collateral is subjected to a lien which is not discharged within fifteen (15) days, Grantor shall deposit with Lender cash, a sufficient corporate surety bond or other security satisfactory to Lender in an amount adequate to provide for the discharge of the lien plus any interest, costs, attorneys' fees or other charges that could accrue as a result of foreclosure or sale of the Collateral. In any contest Grantor shall defend itself and Lender and shall satisfy any final adverse judgment before enforcement against the Collateral. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings. Grantor further agrees to furnish Lender with evidence that such taxes, assessments, and governmental and other charges have been paid in full and in a timely manner. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized.

**Compliance with Governmental Requirements.** Grantor shall comply promptly with all laws, ordinances, rules and regulations of all governmental authorities, now or hereafter in effect, applicable to the ownership, production, disposition, or use of the Collateral, including all laws or regulations relating to the undue erosion of highly-erodible land or relating to the conversion of wetlands for the production of an agricultural product or commodity. Grantor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Lender's interest in the Collateral, in Lender's opinion, is not jeopardized.

**Hazardous Substances.** Grantor represents and warrants that the Collateral never has been, and never will be so long as this Agreement remains a lien on the Collateral, used in violation of any Environmental Laws or for the generation, manufacture, storage, transportation, treatment, disposal, release or threatened release of any Hazardous Substance. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Collateral for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any Environmental Laws, and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims and losses resulting from a breach of this provision of this Agreement. This obligation to indemnify and defend shall survive the payment of the Indebtedness and the satisfaction of this Agreement.

**Maintenance of Casualty Insurance.** Grantor shall procure and maintain all risks insurance, including without limitation fire, theft and liability coverage together with such other insurance as Lender may require with respect to the Collateral, in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days' prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such a notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. In connection with all policies covering assets in which Lender holds or is offered a security interest, Grantor will provide Lender with such loss payable or other endorsements as Lender may require. If Grantor at any time fails to obtain or maintain any insurance as required under this Agreement, Lender may (but shall not be obligated to) obtain such insurance as Lender deems appropriate, including if Lender so chooses "single interest insurance," which will cover only Lender's interest in the Collateral.

**Application of Insurance Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Collateral if the estimated cost of repair or replacement exceeds $5,000.00, whether or not such casualty or loss is covered by insurance. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. All proceeds of any insurance on the Collateral, including accrued proceeds thereon, shall be held by Lender as part of the Collateral. If Lender consents to repair or replacement of the damaged or destroyed Collateral, Lender shall, upon satisfactory proof of expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration. If Lender does not consent to repair or replacement of the Collateral, Lender shall retain a sufficient amount of the proceeds to pay all of the Indebtedness, and shall pay the balance to Grantor. Any proceeds which have not been disbursed within six (6) months after their receipt and which Grantor has not committed to the repair or restoration of the Collateral shall be used to prepay the Indebtedness.

**Insurance Reserves.** Lender may require Grantor to maintain with Lender reserves for payment of insurance premiums, which reserves shall be created by monthly payments from Grantor of a sum estimated by Lender to be sufficient to produce, at least fifteen (15) days before the premium due date, amounts at least equal to the insurance premiums to be paid. If fifteen (15) days before payment is due, the reserve funds are insufficient, Grantor shall upon demand pay any deficiency to Lender. The reserve funds shall be held by Lender as a general deposit and shall constitute a non-interest-bearing account which Lender may satisfy by payment of the insurance premiums required to be paid by Grantor as they become due. Lender does not hold the reserve funds in trust for Grantor, and Lender is not the agent of Grantor for payment of the insurance premiums required to be paid by Grantor. The responsibility for the payment of premiums shall remain Grantor's sole responsibility.

**Insurance Reports.** Grantor, upon request of Lender, shall furnish to Lender reports on each existing policy of insurance showing such information as Lender may reasonably request including the following: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured; (5) the then current value on the basis of which insurance has been obtained and the manner of determining that value; and (6) the expiration date of the policy. In addition, Grantor shall upon request by Lender (however not more often than annually) have an independent appraiser satisfactory to Lender determine, as applicable, the cash value or replacement cost of the Collateral.

**Financing Statements.** Grantor authorizes Lender to file a UCC financing statement, or alternatively, a copy of this Agreement to perfect Lender's security interest. At Lender's request, Grantor additionally agrees to sign all other documents that are necessary to perfect, protect, and continue Lender's security interest in the Property. Grantor will pay all filing fees, title transfer fees, and other fees and costs involved unless prohibited by law or unless Lender is required by law to pay such fees and costs. Grantor irrevocably appoints Lender to execute documents necessary to transfer title if there is a default. Lender may file a copy of this Agreement as a financing statement.

**GRANTOR'S RIGHT TO POSSESSION AND TO COLLECT ACCOUNTS.** Until default and except as otherwise provided below with respect to accounts, Grantor may have possession of the tangible personal property and beneficial use of all the Collateral and may use it in any lawful manner not inconsistent with this Agreement or the Related Documents, provided that Grantor's right to possession and beneficial use shall not apply to any Collateral where possession of the Collateral by Lender is required by law to perfect Lender's security interest in such Collateral.

**COMMERCIAL SECURITY AGREEMENT**

Until otherwise notified by Lender, Grantor may collect any of the Collateral consisting of accounts. At any time and even though no Event of Default exists, Lender may exercise its rights to collect the accounts and to notify account debtors to make payments directly to Lender for application to the Indebtedness. If Lender at any time has possession of any Collateral, whether before or after an Event of Default, Lender shall be deemed to have exercised reasonable care in the custody and preservation of the Collateral if Lender takes such action for that purpose as Grantor shall request or as Lender, in Lender's sole discretion, shall deem appropriate under the circumstances, but failure to honor any request by Grantor shall not of itself be deemed to be a failure to exercise reasonable care. Lender shall not be required to take any steps necessary to preserve any rights in the Collateral against prior parties, nor to protect, preserve or maintain any security interest given to secure the Indebtedness.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Grantor fails to comply with any provision of this Agreement or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Agreement or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Collateral and paying all costs for insuring, maintaining and preserving the Collateral. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Agreement also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Borrower fails to make any payment when due under the Indebtedness.

**Other Defaults.** Borrower or Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower or Grantor.

**Default in Favor of Third Parties.** Borrower, any guarantor or Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's, any guarantor's or Grantor's property or ability to perform their respective obligations under this Agreement or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or Grantor or on Borrower's or Grantor's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Borrower's or Grantor's existence as a going business, the insolvency of Borrower or Grantor, the appointment of a receiver for any part of Borrower's or Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or Grantor or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Borrower's or Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower or Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower or Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or Guarantor dies or becomes incompetent or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Borrower's or Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Grantor has not been given a notice of a breach of the same provision of this Agreement within the preceding twelve (12) months, it may be cured if Grantor, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within thirty (30) days; or (2) if the cure requires more than thirty (30) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Agreement, at any time thereafter, Lender shall have all the rights of a secured party under the California Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of the following rights and remedies:

**Accelerate Indebtedness.** Lender may declare the entire Indebtedness, including any prepayment penalty which Borrower would be required to pay, immediately due and payable, without notice of any kind to Borrower or Grantor.

**Assemble Collateral.** Lender may require Grantor to deliver to Lender all or any portion of the Collateral and any and all certificates of title and other documents relating to the Collateral. Lender may require Grantor to assemble the Collateral and make it available to Lender at a place to be designated by Lender. Lender also shall have full power to enter upon the property of Grantor to take possession of and remove the Collateral. If the Collateral contains other goods not covered by this Agreement at the time of repossession, Grantor agrees Lender may take such other goods, provided that Lender makes reasonable efforts to return them to Grantor after repossession.

**Sell the Collateral.** Lender shall have full power to sell, lease, transfer, or otherwise deal with the Collateral or proceeds thereof in Lender's own name or that of Grantor. Lender may sell the Collateral at public auction or private sale. Unless the Collateral threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Grantor, and other persons as required by law, reasonable notice of the time and place of any public sale, or the time after which any private sale or any other disposition of the Collateral is to be made. However, no notice need be provided to any person who, after Event of Default occurs, enters into and authenticates an agreement waiving that person's right to notification of sale. The requirements of reasonable notice shall be met if such notice is given at

## COMMERCIAL SECURITY AGREEMENT
### (Continued)

| Loan No: 17500246 | Page 5 |
|---|---|

least ten (10) days before the time of the sale or disposition. All expenses relating to the disposition of the Collateral, including without limitation the expenses of retaking, holding, insuring, preparing for sale and selling the Collateral, shall become a part of the Indebtedness secured by this Agreement and shall be payable on demand, with interest at the Note rate from date of expenditure until repaid.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral preceding foreclosure or sale, and to collect the rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Collect Revenues, Apply Accounts.** Lender, either itself or through a receiver, may collect the payments, rents, income, and revenues from the Collateral. Lender may at any time in Lender's discretion transfer any Collateral into Lender's own name or that of Lender's nominee and receive the payments, rents, income, and revenues therefrom and hold the same as security for the Indebtedness or apply it to payment of the Indebtedness in such order of preference as Lender may determine. Insofar as the Collateral consists of accounts, general intangibles, insurance policies, instruments, chattel paper, choses in action, or similar property, Lender may demand, collect, receipt for, settle, compromise, adjust, sue for, foreclose, or realize on the Collateral as Lender may determine, whether or not Indebtedness or Collateral is then due. For these purposes, Lender may, on behalf of and in the name of Grantor, receive, open and dispose of mail addressed to Grantor; change any address to which mail and payments are to be sent; and endorse notes, checks, drafts, money orders, documents of title, instruments and items pertaining to payment, shipment, or storage of any Collateral. To facilitate collection, Lender may notify account debtors and obligors on any Collateral to make payments directly to Lender.

**Obtain Deficiency.** If Lender chooses to sell any or all of the Collateral, Lender may obtain a judgment against Borrower for any deficiency remaining on the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this Agreement. Borrower shall be liable for a deficiency even if the transaction described in this subsection is a sale of accounts or chattel paper.

**Other Rights and Remedies.** Lender shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code, as may be amended from time to time. In addition, Lender shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise.

**Election of Remedies.** Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by this Agreement, the Related Documents, or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Agreement, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Agreement:

**Amendments.** This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** Grantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement. Lender may hire or pay someone else to help enforce this Agreement, and Grantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Grantor also shall pay all court costs and such additional fees as may be directed by the court.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Governing Law. This Agreement will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Agreement has been accepted by Lender in the State of California.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Salt Lake County, State of Utah.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Agreement shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Grantor signing below is responsible for all obligations in this Agreement. Where any one or more of the parties is a corporation, partnership, limited liability company or similar entity, it is not necessary for Lender to inquire into the powers of any of the officers, directors, partners, members, or other agents acting or purporting to act on the entity's behalf, and any obligations made or created in reliance upon the professed exercise of such powers shall be guaranteed under this Agreement.

**Preference Payments.** Any monies Lender pays because of an asserted preference claim in Borrower's or Grantor's bankruptcy will become a part of the Indebtedness and, at Lender's option, shall be payable by Borrower and Grantor as provided in this Agreement.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Agreement, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Agreement. Any party may change its address for notices under this Agreement by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**COMMERCIAL SECURITY AGREEMENT**
(Continued)

Loan No: 17500246    Page 6

**Power of Attorney.** Grantor hereby appoints Lender as Grantor's irrevocable attorney-in-fact for the purpose of executing any documents necessary to perfect, amend, or to continue the security interest granted in this Agreement or to demand termination of filings of other secured parties. Lender may at any time, and without further authorization from Grantor, file a carbon, photographic or other reproduction of any financing statement or of this Agreement for use as a financing statement. Grantor will reimburse Lender for all expenses for the perfection and the continuation of the perfection of Lender's security interest in the Collateral.

**Waiver of Co-Obligor's Rights.** If more than one person is obligated for the Indebtedness, Grantor irrevocably waives, disclaims and relinquishes all claims against such other person which Grantor has or would otherwise have by virtue of payment of the Indebtedness or any part thereof, specifically including but not limited to all rights of indemnity, contribution or exoneration.

**Severability.** If a court of competent jurisdiction finds any provision of this Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Agreement. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Agreement shall not affect the legality, validity or enforceability of any other provision of this Agreement.

**Successors and Assigns.** Subject to any limitations stated in this Agreement on transfer of Grantor's interest, this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Collateral becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Agreement or liability under the Indebtedness.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Agreement shall survive the execution and delivery of this Agreement, shall be continuing in nature, and shall remain in full force and effect until such time as Borrower's Indebtedness shall be paid in full.

**Time is of the Essence.** Time is of the essence in the performance of this Agreement.

**Waive Jury.** To the extent permitted by applicable law, all parties to this Agreement hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Agreement. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Agreement shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Agreement.** The word "Agreement" means this Commercial Security Agreement, as this Commercial Security Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Commercial Security Agreement from time to time.

**Borrower.** The word "Borrower" means Kasco Enterprises, Inc. and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Collateral.** The word "Collateral" means all of Grantor's right, title and interest in and to all the Collateral as described in the Collateral Description section of this Agreement.

**Default.** The word "Default" means the Default set forth in this Agreement in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of this Agreement.

**Grantor.** The word "Grantor" means Smith's Action Plastics Inc..

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which Borrower is responsible under this Agreement or under any of the Related Documents. Specifically, without limitation, Indebtedness includes the future advances set forth in the Future Advances provision of this Agreement together with all interest thereon.

**Lender.** The word "Lender" means Celtic Bank Corporation, its successors and assigns.

**Note.** The word "Note" means the Note dated July 9, 2018 and executed by Kasco Enterprises, Inc. in the principal amount of $421,515.00, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the note or credit agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Collateral Description" section of this Agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

BORROWER AND GRANTOR HAVE READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS COMMERCIAL SECURITY AGREEMENT AND

**COMMERCIAL SECURITY AGREEMENT**
**(Continued)**

Loan No: 17500246                                                                        Page 7

AGREE TO ITS TERMS. THIS AGREEMENT IS DATED JULY 9, 2018.

GRANTOR:


SMITH'S ACTION PLASTICS INC.

By: _____
    James A. Smith, President of Smith's Action
    Plastics Inc.

BORROWER:


KASCO ENTERPRISES, INC.

By: _____
    James A. Smith, President of Kasco Enterprises,
    Inc.

Exhibit B-1

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>Phone: 801 320-6502 Fax: 801 303-1902 | |
| B. E-MAIL CONTACT AT FILER (optional)<br>rmerryman@celticbank.com | |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address)   15331 - CELTIC BANK | |

Celtic Bank Corporation
268 S State Street
Suite 300
Salt Lake City, UT  84111

CALI

File with: Secretary of State, CA

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Smith's Action Plastics, Inc. | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 645 S. Santa Fe St. | Santa Ana | CA | 92705 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Acton Plastics | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 645 S. Santa Fe St. | Santa Ana | CA | 92705 | USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Celtic Bank Corporation | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 268 S. State St., Ste 300 | Salt Lake City | UT | 84111 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
All Inventory, Chattel Paper, Accounts, Equipment, and General Intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
68611428

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

Exhibit C

## PLEDGE AGREEMENT

This PLEDGE AGREEMENT, dated as of July _____, 2018 (as amended, amended and restated, supplemented or otherwise modified from time to time in accordance with the provisions hereof, this "Agreement") is made by and among James A. Smith, Kathleen Dianne Smith and James A. Smith, Trustee of the James A. Smith Trust dated April 11, 2001 (the "Pledgors") in favor of Celtic Bank Corporation ("Celtic Bank") (together "Party" or "Parties").

## RECITALS

The Parties have, in connection with the execution and delivery of this Agreement, entered into that certain Stipulation for Entry of Consent Judgment and Other Orders Upon Default, dated as of July ____, 2018 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "Stipulation").

The Pledgors are the direct or indirect legal and beneficial owners of all the real property more particularly described in the Deeds of Trust attached hereto ("Deeds").

The Pledgors will receive substantial direct and indirect benefits from the execution, delivery and performance of the obligations under the Stipulation and each is, therefore, willing to enter into this Agreement.

This Agreement is given by each Pledgor in favor of Celtic Bank to secure the payment and performance of all the obligations contained in the Stipulation.

Celtic Bank would not be willing to enter into the Stipulation without the concurrent delivery of duly executed counterparts with wet signatures by Pledgors, and each of them, of this Agreement, the Stipulation and the Stipulation For Entry of Consent Judgment along with delivery of wet signatures of the applicable Pledgors of each of the   Deeds, unsigned copies of which are attached hereto.

NOW THEREFORE, in consideration of the foregoing premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Pledgor and Celtic Bank hereby agree as follows:

## AGREEMENT

1. As collateral security for the payment and performance in full of all the Secured Obligations, each Pledgor hereby unconditionally pledges and assigns to Celtic Bank and grants to Celtic Bank a lien on and security interest in and to, all the right, title and interest of each Pledgor in, to and under the following real property (collectively, the "Pledged Real Estate"):

    (i)     A single-family residence located at 28 Rue Grande Ducal, Newport Beach, CA; and
    (ii)    A single-family residence located at 79160 Bermuda Dunes Dr., Indio CA.; and
    (iii)   A commercial property at 10397/10409 Aldor Drive, Bloomington, CA; and
    (iv)    A commercial property located a 645 S. Santa Fe Street, Santa Ana CA.

2. Each Pledgor hereby irrevocably authorizes Celtic Bank in its sole discretion at any time and from time to time to file or record in any relevant jurisdiction each Deed of Trust attached hereto.

3.  Each Pledgor represents and warrants that each Pledgor has good and marketable title to the Pledged Real Estate as shown in the Deeds.

4.  This Agreement and the Deeds are intended to create in favor of Celtic Bank a legal, valid and enforceable security interest in the Pledged Real Estate, all leases, and all proceeds thereof. Permission to make all filings and take other actions Celtic Bank may deem necessary or appropriate to perfect the security interest in the Pledged Real Estate is granted by each Pledgor.

5.  If any Event of Default shall have occurred under the Stipulation, Celtic Bank may exercise, without any other notice to or demand upon any Pledgor, except as required by law, all rights and remedies provided for in the Stipulation and Deeds and as a matter of law and may demand, sue for, collect, compromise, or settle any rights or claims in respect of any Pledged Real Estate or the leases, rents and profits derived therefrom, as Celtic Bank, in its sole discretion deems suitable.

6.  At such time as all obligations under the Stipulation have been satisfied in full, and provided that the Pledged Real Estate has not been the subject of a foreclosure under the terms of the applicable Deed, the Pledged Real Estate shall be released from the Deeds created hereby by execution of a reconveyance to such Pledgors as are then in title to each of the Pledged Real Estate, and this Agreement and all obligations (other than those expressly stated to survive such termination) of all Parties hereto shall terminate.

7.  None of the terms or provisions of this Agreement may be amended, modified, supplemented, terminated or waived, and no consent to any departure by any Pledgor therefrom shall be effective, except by a written instrument signed by Celtic Bank. Any amendment, modification or supplement of any provision hereof, any waiver of any provision hereof and any consent to any departure by any Pledgor from the terms of any provision hereof in each case shall be effective only in the specific instance and for the specific purpose for which made or given. This Agreement shall be construed as a separate agreement with respect to each Pledgor and may be amended, modified, supplemented, terminated or waived with respect to any Pledgor without the approval of any other Pledgor and without affecting the obligations of any other Pledgor hereunder.

8.  Unless otherwise provided herein, any notice or other communication required or permitted to be given under this Agreement shall be in writing and shall be given in the manner and become effective as set forth in the Stipulation, and, as to any Pledgor, addressed to it at the address of such Pledgor set forth at such the address(es) show here:

**CELTIC BANK**
Atten; Leslie Rinaldi, General Counsel
268 S. State Street, Ste. 300
Salt Lake City, UT 84111
801-320-6588
lrinaldi@celticbank.com

**JAMES A. SMITH, TRUSTEE / JAMES A. SMITH**
28 Rue Grand Ducal
Newport Beach, CA 92660

Initials (KDS) _____  Initials (JAS) _____

**KATHLEEN DIANNE SMITH**
28 Rue Grand Ducal
Newport Beach, CA 92660

9.    This Agreement and any claim, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Agreement and the transactions contemplated hereby and thereby shall be governed by, and construed in accordance with, the laws of the State of Utah.

10.  Any provision hereof which is invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without invalidating the remaining provisions hereof or affecting the validity, legality or enforceability of such provision in any other jurisdiction.

11.  This Agreement and any amendments, waivers, consents or supplements hereto may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all taken together shall constitute a single contract. This Agreement, the Stipulation, and Deeds constitute the entire contract among the parties with respect to the subject matter hereof and supersede all previous agreements and understandings, oral or written, with respect thereto. This Agreement shall become effective when it shall have been executed by the Pledgors. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Agreement.

12.  In the event of any litigation by any party hereto to enforce the terms of this Agreement, the prevailing party in such litigation shall be entitled to receive from the other party payment of attorneys' fees incurred (whether before or after commencement of such litigation) by the prevailing party

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.


CELTIC BANK CORPORATION                    JAMES A. SMITH, individually
By _____

                                           By_____
Name: _____

Its: _____



JAMES A. SMITH, TRUSTEE                     KATHLEEN DIANNE SMITH

By_____                      By_____

**DEEDS OF TRUST**

Exhibit D

**RECORDATION REQUESTED BY:**
  Celtic Bank Corporation
  268 South State Street, Suite 300
  Salt Lake City, UT   84111

**WHEN RECORDED MAIL TO:**
  Celtic Bank Corporation
  268 South State Street, Suite 300
  Salt Lake City, UT   84111

**SEND TAX NOTICES TO:**
  Celtic Bank Corporation
  268 South State Street, Suite 300
  Salt Lake City, UT   84111

**FOR RECORDER'S USE ONLY**

# DEED OF TRUST

**THIS DEED OF TRUST is dated July___, 2018, among James A. Smith a married man as his sole and separate property ("Trustor"); Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT   84111 (referred to below sometimes as "Trustee" and sometimes as "Beneficiary").**

**CONVEYANCE AND GRANT.  For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Beneficiary,** all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in Orange County, State of California:**

> **See Exhibit A, which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.**

**The Real Property or its address is commonly known as 28 Rue Grand Ducal, Newport Beach, CA 92660. The Assessor's Parcel Number for the Real Property is 442-181-08.**

Trustor presently assigns to Beneficiary in this Deed of Trust all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938.  In addition, Trustor grants to Beneficiary a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE PERFORMANCE AND PAYMENT UNDER THAT _STIPULATION FOR ENTRY OF CONSENT JUDGMENT UPON DEFAULT_ ("Stipulation") SIGNED OF EVEN DATE.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES.**  Trustor warrants that:  Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor.

**TRUSTOR'S WAIVERS.** Trustor waives all rights and defenses that Trustor may have because its obligation is secured by real property.  This means among other things: If Trustee forecloses on any real property collateral pledged by Trustor the amount of Trustor's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

Trustor understands and agrees that the foregoing waiver is an unconditional and irrevocable waiver of substantive rights and defenses to which Trustor might otherwise be entitled under state and federal law.  The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code.  Trustor acknowledges that Trustor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Trustee and Beneficiary.  Trustor further understands and agrees that this Deed of Trust is a separate and independent contract between Trustor and Beneficiary, given for full and ample consideration, and is enforceable on its own terms.

**PAYMENT AND PERFORMANCE.**  Trustor shall perform all their respective obligations under the Stipulation.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**  Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

    **Possession and Use.**  Until the occurrence of an Event of Default, Trustor may (1)  remain in possession and control of the Property;  (2)

use, operate or manage the Property; and   (3)   collect the Rents from the Property.

**Duty to Maintain.**   Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.**   Trustor represents and warrants to Trustee and Beneficiary that:  (1)  During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property;  (2)   Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters; and  (3)  Except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and  (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws.   Trustor authorizes Beneficiary and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Beneficiary may deem appropriate to determine compliance of the Property with this section of the Deed of Trust.   Any inspections or tests made by Beneficiary shall be for Beneficiary's purposes only and shall not be construed to create any responsibility or liability on the part of Beneficiary to Trustor or to any other person.   The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances.  Trustor hereby  (1)  releases and waives any future claims against Beneficiary for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and  (2)  agrees to indemnify, defend, and hold harmless Beneficiary against any and all claims, losses, liabilities, damages, penalties, and expenses which Beneficiary may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor.   The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Beneficiary's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.**   Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property.   Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Beneficiary's prior written consent.

**Removal of Improvements.**   Trustor shall not demolish or remove any Improvements from the Real Property without Beneficiary's prior written consent.   As a condition to the removal of any Improvements, Beneficiary may require Trustor to make arrangements satisfactory to Beneficiary to replace such Improvements with Improvements of at least equal value.

**Beneficiary's Right to Enter.**   Beneficiary and Beneficiary's agents and representatives may enter upon the Property at all reasonable times to attend to Beneficiary's interests and to inspect the Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.**   Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act.   Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Beneficiary in writing prior to doing so and so long as, in Beneficiary's sole opinion, Beneficiary's interests in the Property are not jeopardized.   Beneficiary may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Beneficiary, to protect Beneficiary's interest.

**Duty to Protect.**   Trustor agrees neither to abandon or leave unattended the Property.   Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**TAXES AND LIENS.**   The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.**   Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property.   Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Beneficiary under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.**   Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Beneficiary's interest in the Property is not jeopardized.   If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Beneficiary, deposit with Trustee cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien.   In any contest, Trustor shall defend itself and Beneficiary and shall satisfy any adverse judgment before enforcement against the Real Property.   Trustor shall name Beneficiary as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.**   Trustor shall upon demand furnish to Beneficiary satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Beneficiary at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.**   Trustor shall notify Beneficiary at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account

of the work, services, or materials. Trustor will upon request of Beneficiary furnish to Beneficiary advance assurances satisfactory to Beneficiary that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.**   The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.**   Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Beneficiary.   Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Beneficiary may request with Trustee and Beneficiary being named as additional insureds in such liability insurance policies.   Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Beneficiary may reasonably require.   Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property.   Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Beneficiary and issued by a company or companies reasonably acceptable to Beneficiary.   Trustor, upon request of Beneficiary, will deliver to Beneficiary from time to time the policies or certificates of insurance in form satisfactory to Beneficiary, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Beneficiary.   Each insurance policy also shall include an endorsement providing that coverage in favor of Beneficiary will not be impaired in any way by any act, omission or default of Trustor or any other person.   Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Beneficiary that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Beneficiary, and to maintain such insurance for the term of the loan.

**Application of Proceeds.**   Trustor shall promptly notify Beneficiary of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $5,000.00.   Beneficiary may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty.   If in Beneficiary's sole judgment Beneficiary's security interest in the Property has been impaired, Beneficiary may, at Beneficiary's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property.   If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Beneficiary.   Beneficiary shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust.   Any proceeds which have not been disbursed within 180 days after their receipt and which Beneficiary has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Beneficiary under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness.   If Beneficiary holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.**   Upon request of Beneficiary, however not more than once a year, Trustor shall furnish to Beneficiary a report on each existing policy of insurance showing:  (1)  the name of the insurer;  (2)  the risks insured;  (3)  the amount of the policy;  (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and  (5)  the expiration date of the policy.   Trustor shall, upon request of Beneficiary, have an independent appraiser satisfactory to Beneficiary determine the cash replacement cost of the Property.

**BENEFICIARY'S EXPENDITURES.**   If any action or proceeding is commenced that would materially affect Beneficiary's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or the Stipulation, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or the Stipulation, Beneficiary on Trustor's behalf may (but shall not be obligated to) take any action that Beneficiary deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property.   All such expenditures incurred or paid by Beneficiary for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Beneficiary to the date of repayment by Trustor.   All such expenses will become a part of the amount owed under the Stipulation and, at Beneficiary's option, will  (A)  be payable on demand;  or (B)  be added to the balance of the Stipulation and be apportioned among and be payable with any installment payments to become due during the remaining term of the Stipulation; or  (C) be treated as a balloon payment which will be due and payable at the Stipulation's maturity.   The Deed of Trust also will secure payment of these amounts.   Such right shall be in addition to all other rights and remedies to which Beneficiary may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.**   The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.**   Trustor warrants that:  (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Beneficiary in connection with this Deed of Trust, and  (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Beneficiary.

**Defense of Title.**   Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons.   In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Beneficiary under this Deed of Trust, Trustor shall defend the action at Trustor's expense.   Trustor may be the nominal party in such proceeding, but Beneficiary shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Beneficiary's own choice, and Trustor will deliver, or cause to be delivered, to Beneficiary such instruments as Beneficiary may request from time to time to permit such participation.

**Compliance With Laws.**   Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.**   All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as all amounts due under the Stipulation shall be paid in full.

**CONDEMNATION.**   The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Beneficiary in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Beneficiary shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Beneficiary such instruments and documentation as may be requested by Beneficiary from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Beneficiary may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Beneficiary in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Beneficiary, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Beneficiary to perfect and continue Beneficiary's lien on the Real Property. Trustor shall reimburse Beneficiary for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust; or (2) a tax on this type of Deed of Trust chargeable against the Beneficiary.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Beneficiary may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Beneficiary cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Beneficiary shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Beneficiary, Trustor shall take whatever action is requested by Beneficiary to perfect and continue Beneficiary's security interest in the Rents and Personal Property. Trustor shall reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Beneficiary and make it available to Beneficiary within three (3) days after receipt of written demand from Beneficiary to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Beneficiary (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Beneficiary, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Beneficiary or to Beneficiary's designee, and when requested by Beneficiary, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Beneficiary may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Beneficiary, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve  Trustor's obligations under this Deed of Trust, and the Stipulation.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Beneficiary may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Beneficiary as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Beneficiary's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all amounts owned under the Stipulation when due, and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Beneficiary shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Beneficiary's security interest in the Rents and the Personal Property. Beneficiary may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Beneficiary's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Stipulation.

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or the Stipulation or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Beneficiary and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, or the Stipulation.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.** Any warranty, representation or statement made or furnished to Beneficiary by Trustor or on Trustor's behalf under this Deed of Trust or the Stipulation is false or misleading in any material respect, either now or at the time made or furnished or becomes false or

misleading at any time thereafter.

**Defective Collateralization.**   This Deed of Trust ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.**   The dissolution or termination of Trustor's existence as a going business, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.**   Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any governmental agency against any property securing the Stipulation.   However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Beneficiary written notice of the creditor or forfeiture proceeding and deposits with Beneficiary monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Beneficiary, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.**   Any breach by Trustor under the terms of any other agreement between Trustor and Beneficiary that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Beneficiary, whether existing now or later.

**RIGHTS AND REMEDIES ON DEFAULT.**   If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Beneficiary may exercise any one or more of the following rights and remedies:

**Election of Remedies.**   Election by Beneficiary to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Beneficiary's right to declare a default and exercise its remedies.

**Foreclosure by Sale.**   Upon an Event of Default under the Stipulation, Beneficiary may deliver to Trustee a written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record.   Beneficiary also shall deposit with Trustee this Deed of Trust, the Stipulation, other documents requested by Trustee, and all documents evidencing expenditures secured hereby.   After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.   Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law.   Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied.   The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.   Any person, including Trustor, Trustee or Beneficiary may purchase at such sale.   After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of:  all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.**   With respect to all or any part of the Real Property, Beneficiary shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.**   With respect to all or any part of the Personal Property, Beneficiary shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.**   Beneficiary shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Beneficiary's costs, against the amounts due under the Stipulation.   In furtherance of this right, Beneficiary may require any tenant or other user of the Property to make payments of rent or use fees directly to Beneficiary.   If the Rents are collected by Beneficiary, then Trustor irrevocably designates Beneficiary as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds.   Payments by tenants or other users to Beneficiary in response to Beneficiary's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed.   Beneficiary may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.**   Beneficiary shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness.   The receiver may serve without bond if permitted by law.   Beneficiary's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount.   Employment by Beneficiary shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.**   If Trustor remains in possession of the Property after the Property is sold as provided above or Beneficiary otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Beneficiary or the purchaser of the Property and shall, at Beneficiary's option, either  (1)  pay a reasonable rental for the use of the Property, or  (2) vacate the Property immediately upon the demand of Beneficiary.

**Other Remedies.**   Trustee or Beneficiary shall have any other right or remedy provided in this Deed of Trust or the Stipulation or available at law or in equity.

**Notice of Sale.**   Beneficiary shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made.   Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition.   Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.**   To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Beneficiary shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales.   Beneficiary shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.**   If Beneficiary institutes any suit or action to enforce any of the terms of this Deed of Trust or the Stipulation Beneficiary shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Beneficiary incurs that in Beneficiary's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.   Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Beneficiary's attorneys' fees and Beneficiary's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law.   Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.**   Trustee shall have all of the rights and duties of Beneficiary as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.**   The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.**   In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Beneficiary and Trustor:   (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public;   (b) join in granting any easement or creating any restriction on the Real Property; and   (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Beneficiary under this Deed of Trust.

**Obligations to Notify.**   Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.**   Trustee shall meet all qualifications required for Trustee under applicable law.   In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Beneficiary shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.**   Beneficiary, at Beneficiary's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Beneficiary and recorded in the office of the recorder of Orange County, State of California.   The instrument shall contain, in addition to all other matters required by state law, the names of the original Beneficiary, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Beneficiary or its successors in interest.   The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law.   This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.**   Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.**   Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust.   Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust.   All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Beneficiary's address, as shown near the beginning of this Deed of Trust.   Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address.   For notice purposes, Trustor agrees to keep Beneficiary informed at all times of Trustor's current address.   Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Beneficiary to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.**   Beneficiary may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.**   The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.**   This Deed of Trust, together with the Stipulation, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust.   No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.**   Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.**   There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Beneficiary in any capacity, without the written consent of Beneficiary.

**Choice of Venue.**   If there is a lawsuit, Trustor agrees upon Beneficiary's request to submit to the jurisdiction of the courts of Salt Lake County, State of Utah.

**No Waiver by Beneficiary.**   Beneficiary shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Beneficiary.   No delay or omission on the part of Beneficiary in exercising any right shall operate as a waiver of such right or any other right.   A waiver by Beneficiary of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Beneficiary's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust.   No prior waiver by Beneficiary, nor any course of dealing between Beneficiary and Trustor, shall constitute a waiver of any of Beneficiary's rights or of any of Trustor's obligations as to any future transactions.   Whenever the consent of Beneficiary is required under this Deed of Trust, the granting of such

consent by Beneficiary in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Beneficiary.

**Severability.**  If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance.  If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable.  If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust.  Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.**  Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns.  If ownership of the Property becomes vested in a person other than Trustor, Beneficiary, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.**  Time is of the essence in the performance of this Deed of Trust.

**Waive Jury.   To the extent permitted by applicable law, all parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**DEFINITIONS.**  The following capitalized words and terms shall have the following meanings when used in this Deed of Trust.  Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America.  Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require.  Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.**  The word "Beneficiary" means Celtic Bank Corporation, and its successors and assigns.

**Deed of Trust.**  The words "Deed of Trust" mean this Deed of Trust among Trustor, Beneficiary, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.**  The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.**  The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.**  The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Hazardous Substances.**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled.  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws.  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.**  The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Beneficiary.**  The word "Beneficiary" means Celtic Bank Corporation, its successors and assigns.

**Personal Property.**  The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.**  The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.**  The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Rents.**  The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Stipulation.**  The word "Stipulation" means that Stipulation for Entry of Consent Judgment and Further Orders Upon Default requiring payments of no less than $421,515.48 by no later than August 31, 2019.

**Trustee.**  The word "Trustee" means Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT 84111 and any substitute or successor trustees.

**Trustor.**  The word "Trustor" means **James A. Smith a married man as his sole and separate property.**

**TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST.**

**TRUSTOR:**

_____

## CERTIFICATE OF ACKNOWLEDGMENT

**STATE OF** _____                                                     )
                                                                                                    ) SS
**COUNTY OF** _____                                                      )


On                    _____,                    20_____                    before                    me,
_____,
                                     (here insert name and title of the officer)
personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.



**WITNESS my hand and official seal.**


**Signature** _____

                                                                                                       **(Seal)**




_____
### (DO NOT RECORD)
## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust.   All sums secured by this Deed of Trust have been fully paid and satisfied.   You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust.   Please mail the reconveyance and Related Documents to:
_____.

**Date:** _____          **Beneficiary:** _____

                                                                              **By:** _____

                                                                              **Its:** _____
_____

EXHIBIT A

PARCEL 2:

LOT 45 OF TRACT NO. 7788, IN THE CITY OF NEWPORT BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 301, PAGE(S) 10 TO 14, INCLUSIVE OF

MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER SAID LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE, AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LANDS, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE SAID LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE SAID LAND AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF SAID LAND. AS RESERVED IN THE DEED FROM THE IRVINE COMPANY, RECORDED DECEMBER 18, 1973 IN BOOK 11029 PAGE 741 AND RECORDED DECEMBER 27, 1973 IN BOOK 11040 PAGE 786 BOTH OF OFFICIAL RECORDS.

PARCEL 2A:

NON-EXCLUSIVE APPURTENANT EASEMENTS FOR INGRESS AND EGRESS OVER PRIVATE STREETS AS SET FORTH IN THOSE CERTAIN DECLARATIONS OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED APRIL 6, 1971 IN BOOK 9596 PAGE 902 OF OFFICIAL RECORDS AND RECORDED AUGUST 21, 1972 IN BOOK 10285 PAGE 356 OF OFFICIAL RECORDS AND AMENDMENT RECORDED JULY 13, 1979 IN BOOK 13228, PAGE 673 OF OFFICIAL RECORDS.

APN: 442-181-08

Exhibit E

**RECORDATION REQUESTED BY:**
 Celtic Bank Corporation
 268 South State Street, Suite 300
 Salt Lake City, UT  84111

**WHEN RECORDED MAIL TO:**
 Celtic Bank Corporation
 268 South State Street, Suite 300
 Salt Lake City, UT  84111

**SEND TAX NOTICES TO:**
 Celtic Bank Corporation
 268 South State Street, Suite 300
 Salt Lake City, UT  84111

**FOR RECORDER'S USE ONLY**

# DEED OF TRUST

**THIS DEED OF TRUST is dated July\_\_\_, 2018, among James A. Smith and Kathleen Dianne Smith, Husband and wife as Joint Tenants ("Trustor"); Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT  84111 (referred to below sometimes as "Trustee" and sometimes as "Beneficiary").**

**CONVEYANCE AND GRANT.  For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Beneficiary,** all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in Riverside County, State of California:**

   **See Exhibit A, which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.**

**The Real Property or its address is commonly known as 79160 Bermuda Dunes Drive, Indio, CA 92203.   The Assessor's Parcel Number for the Real Property is 609-171-019-6.**

Trustor presently assigns to Beneficiary in this Deed of Trust all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938.  In addition, Trustor grants to Beneficiary a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE PERFORMANCE AND PAYMENT UNDER THAT *STIPULATION FOR ENTRY OF CONSENT JUDGMENT UPON DEFAULT* ("Stipulation") SIGNED OF EVEN DATE.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES.**  Trustor warrants that:  Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor.

**TRUSTOR'S WAIVERS.** Trustor waives all rights and defenses that Trustor may have because its obligation is secured by real property.  This means among other things: If Trustee forecloses on any real property collateral pledged by Trustor the amount of Trustor's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

Trustor understands and agrees that the foregoing waiver is an unconditional and irrevocable waiver of substantive rights and defenses to which Trustor might otherwise be entitled under state and federal law.  The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code.  Trustor acknowledges that Trustor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Trustee and Beneficiary.  Trustor further understands and agrees that this Deed of Trust is a separate and independent contract between Trustor and Beneficiary, given for full and ample consideration, and is enforceable on its own terms.

**PAYMENT AND PERFORMANCE.**  Trustor shall perform all their respective obligations under the Stipulation.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**  Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

   **Possession and Use.**  Until the occurrence of an Event of Default, Trustor may (1)   remain in possession and control of the Property;  (2)

use, operate or manage the Property; and   (3)   collect the Rents from the Property.

**Duty to Maintain.**   Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.**   Trustor represents and warrants to Trustee and Beneficiary that:  (1)  During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property;  (2)  Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters; and  (3)  Except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and  (b)  any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws.   Trustor authorizes Beneficiary and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Beneficiary may deem appropriate to determine compliance of the Property with this section of the Deed of Trust.   Any inspections or tests made by Beneficiary shall be for Beneficiary's purposes only and shall not be construed to create any responsibility or liability on the part of Beneficiary to Trustor or to any other person.   The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances.  Trustor hereby  (1)  releases and waives any future claims against Beneficiary for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and  (2)  agrees to indemnify, defend, and hold harmless Beneficiary against any and all claims, losses, liabilities, damages, penalties, and expenses which Beneficiary may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor.   The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Beneficiary's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.**   Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property.   Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Beneficiary's prior written consent.

**Removal of Improvements.**   Trustor shall not demolish or remove any Improvements from the Real Property without Beneficiary's prior written consent.   As a condition to the removal of any Improvements, Beneficiary may require Trustor to make arrangements satisfactory to Beneficiary to replace such Improvements with Improvements of at least equal value.

**Beneficiary's Right to Enter.**   Beneficiary and Beneficiary's agents and representatives may enter upon the Property at all reasonable times to attend to Beneficiary's interests and to inspect the Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.**   Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act.   Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Beneficiary in writing prior to doing so and so long as, in Beneficiary's sole opinion, Beneficiary's interests in the Property are not jeopardized.   Beneficiary may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Beneficiary, to protect Beneficiary's interest.

**Duty to Protect.**   Trustor agrees neither to abandon or leave unattended the Property.   Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**TAXES AND LIENS.**   The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.**   Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property.   Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Beneficiary under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.**   Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Beneficiary's interest in the Property is not jeopardized.   If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Beneficiary, deposit with Trustee cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien.   In any contest, Trustor shall defend itself and Beneficiary and shall satisfy any adverse judgment before enforcement against the Real Property.   Trustor shall name Beneficiary as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.**   Trustor shall upon demand furnish to Beneficiary satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Beneficiary at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.**   Trustor shall notify Beneficiary at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account

of the work, services, or materials. Trustor will upon request of Beneficiary furnish to Beneficiary advance assurances satisfactory to Beneficiary that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.**  The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.**  Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Beneficiary. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Beneficiary may request with Trustee and Beneficiary being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Beneficiary may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Beneficiary and issued by a company or companies reasonably acceptable to Beneficiary. Trustor, upon request of Beneficiary, will deliver to Beneficiary from time to time the policies or certificates of insurance in form satisfactory to Beneficiary, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Beneficiary. Each insurance policy also shall include an endorsement providing that coverage in favor of Beneficiary will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Beneficiary that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Beneficiary, and to maintain such insurance for the term of the loan.

**Application of Proceeds.**  Trustor shall promptly notify Beneficiary of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $5,000.00. Beneficiary may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Beneficiary's sole judgment Beneficiary's security interest in the Property has been impaired, Beneficiary may, at Beneficiary's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Beneficiary. Beneficiary shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Beneficiary has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Beneficiary under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Beneficiary holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.**  Upon request of Beneficiary, however not more than once a year, Trustor shall furnish to Beneficiary a report on each existing policy of insurance showing:  (1)  the name of the insurer;  (2)  the risks insured;  (3)  the amount of the policy;  (4)  the property insured, the then current replacement value of such property, and the manner of determining that value; and  (5)  the expiration date of the policy. Trustor shall, upon request of Beneficiary, have an independent appraiser satisfactory to Beneficiary determine the cash replacement cost of the Property.

**BENEFICIARY'S EXPENDITURES.**  If any action or proceeding is commenced that would materially affect Beneficiary's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or the Stipulation, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or the Stipulation, Beneficiary on Trustor's behalf may (but shall not be obligated to) take any action that Beneficiary deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Beneficiary for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Beneficiary to the date of repayment by Trustor. All such expenses will become a part of the amount owed under the Stipulation and, at Beneficiary's option, will  (A)  be payable on demand;  or (B)  be added to the balance of the Stipulation and be apportioned among and be payable with any installment payments to become due during the remaining term of the Stipulation; or  (C) be treated as a balloon payment which will be due and payable at the Stiplation's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Beneficiary may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.**  The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.**  Trustor warrants that:  (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Beneficiary in connection with this Deed of Trust, and  (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Beneficiary.

**Defense of Title.**  Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Beneficiary under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Beneficiary shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Beneficiary's own choice, and Trustor will deliver, or cause to be delivered, to Beneficiary such instruments as Beneficiary may request from time to time to permit such participation.

**Compliance With Laws.**  Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.**  All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as all amounts due under the Stipulation shall be paid in full.

**CONDEMNATION.**  The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Beneficiary in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Beneficiary shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Beneficiary such instruments and documentation as may be requested by Beneficiary from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Beneficiary may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Beneficiary in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Beneficiary, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Beneficiary to perfect and continue Beneficiary's lien on the Real Property. Trustor shall reimburse Beneficiary for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies:  (1)  a specific tax upon this type of Deed of Trust; or (2) a tax on this type of Deed of Trust chargeable against the Beneficiary.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Beneficiary may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either  (1)  pays the tax before it becomes delinquent, or  (2)  contests the tax as provided above in the Taxes and Liens section and deposits with Beneficiary cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Beneficiary shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Beneficiary, Trustor shall take whatever action is requested by Beneficiary to perfect and continue Beneficiary's security interest in the Rents and Personal Property. Trustor shall reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Beneficiary and make it available to Beneficiary within three (3) days after receipt of written demand from Beneficiary to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Beneficiary (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Beneficiary, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Beneficiary or to Beneficiary's designee, and when requested by Beneficiary, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Beneficiary may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Beneficiary, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve  Trustor's obligations under this Deed of Trust, and the Stipulation.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Beneficiary may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Beneficiary as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Beneficiary's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all amounts owned under the Stipulation when due, and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Beneficiary shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Beneficiary's security interest in the Rents and the Personal Property. Beneficiary may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Beneficiary's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Stipulation.

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or the Stipulation or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Beneficiary and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, or the Stipulation.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.** Any warranty, representation or statement made or furnished to Beneficiary by Trustor or on Trustor's behalf under this Deed of Trust or the Stipulation is false or misleading in any material respect, either now or at the time made or furnished or becomes false or

misleading at any time thereafter.

**Defective Collateralization.**   This Deed of Trust ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.**   The dissolution or termination of Trustor's existence as a going business, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.**   Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any governmental agency against any property securing the Stipulation.   However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Beneficiary written notice of the creditor or forfeiture proceeding and deposits with Beneficiary monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Beneficiary, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.**   Any breach by Trustor under the terms of any other agreement between Trustor and Beneficiary that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Beneficiary, whether existing now or later.

**RIGHTS AND REMEDIES ON DEFAULT.**   If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Beneficiary may exercise any one or more of the following rights and remedies:

**Election of Remedies.**   Election by Beneficiary to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Beneficiary's right to declare a default and exercise its remedies.

**Foreclosure by Sale.**   Upon an Event of Default under the Stipulation, Beneficiary may deliver to Trustee a written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record.   Beneficiary also shall deposit with Trustee this Deed of Trust, the Stipulation, other documents requested by Trustee, and all documents evidencing expenditures secured hereby.   After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.   Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law.   Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied.   The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.   Any person, including Trustor, Trustee or Beneficiary may purchase at such sale.   After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of:   all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.**   With respect to all or any part of the Real Property, Beneficiary shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.**   With respect to all or any part of the Personal Property, Beneficiary shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.**   Beneficiary shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Beneficiary's costs, against the amounts due under the Stipulation.   In furtherance of this right, Beneficiary may require any tenant or other user of the Property to make payments of rent or use fees directly to Beneficiary.   If the Rents are collected by Beneficiary, then Trustor irrevocably designates Beneficiary as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds.   Payments by tenants or other users to Beneficiary in response to Beneficiary's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed.   Beneficiary may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.**   Beneficiary shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness.   The receiver may serve without bond if permitted by law.   Beneficiary's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount.   Employment by Beneficiary shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.**   If Trustor remains in possession of the Property after the Property is sold as provided above or Beneficiary otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Beneficiary or the purchaser of the Property and shall, at Beneficiary's option, either  (1)  pay a reasonable rental for the use of the Property, or  (2) vacate the Property immediately upon the demand of Beneficiary.

**Other Remedies.**   Trustee or Beneficiary shall have any other right or remedy provided in this Deed of Trust or the Stipulation or available at law or in equity.

**Notice of Sale.**   Beneficiary shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made.   Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition.   Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.**   To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Beneficiary shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales.   Beneficiary shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.**   If Beneficiary institutes any suit or action to enforce any of the terms of this Deed of Trust or the Stipulation Beneficiary shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Beneficiary incurs that in Beneficiary's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.   Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Beneficiary's attorneys' fees and Beneficiary's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law.   Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.**   Trustee shall have all of the rights and duties of Beneficiary as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.**   The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.**   In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Beneficiary and Trustor:  (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public;  (b) join in granting any easement or creating any restriction on the Real Property; and  (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Beneficiary under this Deed of Trust.

**Obligations to Notify.**   Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.**   Trustee shall meet all qualifications required for Trustee under applicable law.   In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Beneficiary shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.**   Beneficiary, at Beneficiary's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Beneficiary and recorded in the office of the recorder of Riverside County, State of California.   The instrument shall contain, in addition to all other matters required by state law, the names of the original Beneficiary, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Beneficiary or its successors in interest.   The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law.   This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.**   Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.**   Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust.   Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust.   All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Beneficiary's address, as shown near the beginning of this Deed of Trust.   Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address.   For notice purposes, Trustor agrees to keep Beneficiary informed at all times of Trustor's current address.   Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Beneficiary to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.**   Beneficiary may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.**   The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.**   This Deed of Trust, together with the Stipulation, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust.   No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.**   Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.**   There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Beneficiary in any capacity, without the written consent of Beneficiary.

**Choice of Venue.**   If there is a lawsuit, Trustor agrees upon Beneficiary's request to submit to the jurisdiction of the courts of Salt Lake County, State of Utah.

**No Waiver by Beneficiary.**   Beneficiary shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Beneficiary.   No delay or omission on the part of Beneficiary in exercising any right shall operate as a waiver of such right or any other right.   A waiver by Beneficiary of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Beneficiary's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust.   No prior waiver by Beneficiary, nor any course of dealing between Beneficiary and Trustor, shall constitute a waiver of any of Beneficiary's rights or of any of Trustor's obligations as to any future transactions.   Whenever the consent of Beneficiary is required under this Deed of Trust, the granting of such

consent by Beneficiary in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Beneficiary.

**Severability.**  If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance.  If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable.  If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust.  Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.**  Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns.  If ownership of the Property becomes vested in a person other than Trustor, Beneficiary, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.**  Time is of the essence in the performance of this Deed of Trust.

**Waive Jury.   To the extent permitted by applicable law, all parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**DEFINITIONS.**   The following capitalized words and terms shall have the following meanings when used in this Deed of Trust.  Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America.  Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require.  Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.**  The word "Beneficiary" means Celtic Bank Corporation, and its successors and assigns.

**Deed of Trust.**  The words "Deed of Trust" mean this Deed of Trust among Trustor, Beneficiary, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.**  The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.**  The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.**  The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Hazardous Substances.**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled.  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws.  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.**  The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Beneficiary.**  The word "Beneficiary" means Celtic Bank Corporation, its successors and assigns.

**Personal Property.**  The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.**  The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.**  The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Rents.**  The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Stipulation.**  The word "Stipulation" means that Stipulation for Entry of Consent Judgment and Further Orders Upon Default requiring payments of no less than $421,515.48 by no later than August 31, 2019.

**Trustee.**  The word "Trustee" means Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT 84111 and any substitute or successor trustees.

**Trustor.**   The word "Trustor" means **James A. Smith and Kathleen Dianne Smith, Husband and wife as Joint Tenants**.

**TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST.**

**TRUSTOR:**

_____        _____

## CERTIFICATE OF ACKNOWLEDGMENT

**STATE OF** _____                                    )
                                                                                            ) SS
**COUNTY OF** _____                                  )

On                     _____,                    20_____                    before                    me,
_____,
(here insert name and title of the officer)

personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS my hand and official seal.**

**Signature** _____
                                                                                                            **(Seal)**

## CERTIFICATE OF ACKNOWLEDGMENT

**STATE OF** _____                                    )
                                                                                            ) SS
**COUNTY OF** _____                                  )

On                     _____,                    20_____                    before                    me,
_____,
(here insert name and title of the officer)

personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS my hand and official seal.**

**Signature** _____
                                                                                                            **(Seal)**

Signature _____**DO NOT RECORD)**

## REQUEST FOR FULL RECONVEYANCE

(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust.  All sums secured by this Deed of Trust have been fully paid and satisfied.  You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust.   Please mail the reconveyance and Related Documents to:

_____.

**Date:** _____          **Beneficiary:** _____

                                                                                                **By:** _____

                                                                                                **Its:** _____

_____

EXHIBIT A

LOT 8 OF BERMUDA GOLF ESTATES UNIT NO. 1, AS SHOWN BY MAP ON FILE IN BOOK 32 PAGES 35 THROUGH 37 INCLUSIVE OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

APN: 609-171-019-6

Exhibit F

**RECORDATION REQUESTED BY:**
    **Celtic Bank Corporation**
    **268 South State Street, Suite 300**
    **Salt Lake City, UT   84111**


**WHEN RECORDED MAIL TO:**
    **Celtic Bank Corporation**
    **268 South State Street, Suite 300**
    **Salt Lake City, UT   84111**


**SEND TAX NOTICES TO:**
    **Celtic Bank Corporation**
    **268 South State Street, Suite 300**
    **Salt Lake City, UT   84111**

<div align="right"><strong>FOR RECORDER'S USE ONLY</strong></div>

# DEED OF TRUST

**THIS DEED OF TRUST is dated July___, 2018, among James A Smith, Trustee of the James A. Smith Trust dated April 11, 2001 ("Trustor"); Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT   84111 (referred to below sometimes as "Trustee" and sometimes as "Beneficiary").**

**CONVEYANCE AND GRANT.  For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Beneficiary,** all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in San Bernardino County, State of California:**

    **See Exhibit A, which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.**

**The Real Property or its address is commonly known as 10397 and 10409 Aldor Drive, Bloomington, CA 92316.   The Assessor's Parcel Number for the Real Property is 0252-151-58-0-000, 0252-151-22-0-000.**

Trustor presently assigns to Beneficiary in this Deed of Trust all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938.  In addition, Trustor grants to Beneficiary a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE PERFORMANCE AND PAYMENT UNDER THAT *STIPULATION FOR ENTRY OF CONSENT JUDGMENT UPON DEFAULT* ("Stipulation") SIGNED OF EVEN DATE.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES.**  Trustor warrants that:  Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor.

**TRUSTOR'S WAIVERS.**  Trustor waives all rights and defenses that Trustor may have because its obligation is secured by real property.  This means among other things:  If Trustee forecloses on any real property collateral pledged by Trustor the amount of Trustor's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

Trustor understands and agrees that the foregoing waiver is an unconditional and irrevocable waiver of substantive rights and defenses to which Trustor might otherwise be entitled under state and federal law.  The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code.  Trustor acknowledges that Trustor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Trustee and Beneficiary.  Trustor further understands and agrees that this Deed of Trust is a separate and independent contract between Trustor and Beneficiary, given for full and ample consideration, and is enforceable on its own terms.

**PAYMENT AND PERFORMANCE.**  Trustor shall perform all their respective obligations under the Stipulation.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**  Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

    **Possession and Use.**  Until the occurrence of an Event of Default, Trustor may (1)   remain in possession and control of the Property;   (2)

use, operate or manage the Property; and   (3)   collect the Rents from the Property.

**Duty to Maintain.**   Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.**   Trustor represents and warrants to Trustee and Beneficiary that:  (1)  During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property;  (2)  Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters; and  (3)  Except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and  (b)  any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws.   Trustor authorizes Beneficiary and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Beneficiary may deem appropriate to determine compliance of the Property with this section of the Deed of Trust.   Any inspections or tests made by Beneficiary shall be for Beneficiary's purposes only and shall not be construed to create any responsibility or liability on the part of Beneficiary to Trustor or to any other person.   The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances.   Trustor hereby  (1)  releases and waives any future claims against Beneficiary for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and  (2)  agrees to indemnify, defend, and hold harmless Beneficiary against any and all claims, losses, liabilities, damages, penalties, and expenses which Beneficiary may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor.   The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Beneficiary's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.**   Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property.   Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Beneficiary's prior written consent.

**Removal of Improvements.**   Trustor shall not demolish or remove any Improvements from the Real Property without Beneficiary's prior written consent.   As a condition to the removal of any Improvements, Beneficiary may require Trustor to make arrangements satisfactory to Beneficiary to replace such Improvements with Improvements of at least equal value.

**Beneficiary's Right to Enter.**   Beneficiary and Beneficiary's agents and representatives may enter upon the Property at all reasonable times to attend to Beneficiary's interests and to inspect the Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.**   Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act.   Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Beneficiary in writing prior to doing so and so long as, in Beneficiary's sole opinion, Beneficiary's interests in the Property are not jeopardized.   Beneficiary may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Beneficiary, to protect Beneficiary's interest.

**Duty to Protect.**   Trustor agrees neither to abandon or leave unattended the Property.   Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**TAXES AND LIENS.**   The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.**   Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property.   Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Beneficiary under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.**   Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Beneficiary's interest in the Property is not jeopardized.   If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Beneficiary, deposit with Trustee cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien.   In any contest, Trustor shall defend itself and Beneficiary and shall satisfy any adverse judgment before enforcement against the Real Property.   Trustor shall name Beneficiary as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.**   Trustor shall upon demand furnish to Beneficiary satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Beneficiary at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.**   Trustor shall notify Beneficiary at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account

of the work, services, or materials.  Trustor will upon request of Beneficiary furnish to Beneficiary advance assurances satisfactory to Beneficiary that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.**    The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.**    Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Beneficiary.    Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Beneficiary may request with Trustee and Beneficiary being named as additional insureds in such liability insurance policies.   Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Beneficiary may reasonably require.   Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property.   Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Beneficiary and issued by a company or companies reasonably acceptable to Beneficiary.   Trustor, upon request of Beneficiary, will deliver to Beneficiary from time to time the policies or certificates of insurance in form satisfactory to Beneficiary, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Beneficiary.   Each insurance policy also shall include an endorsement providing that coverage in favor of Beneficiary will not be impaired in any way by any act, omission or default of Trustor or any other person.   Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Beneficiary that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Beneficiary, and to maintain such insurance for the term of the loan.

**Application of Proceeds.**    Trustor shall promptly notify Beneficiary of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $5,000.00.   Beneficiary may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty.   If in Beneficiary's sole judgment Beneficiary's security interest in the Property has been impaired, Beneficiary may, at Beneficiary's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property.   If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Beneficiary.   Beneficiary shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust.   Any proceeds which have not been disbursed within 180 days after their receipt and which Beneficiary has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Beneficiary under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness.   If Beneficiary holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.**    Upon request of Beneficiary, however not more than once a year, Trustor shall furnish to Beneficiary a report on each existing policy of insurance showing:  (1)   the name of the insurer;   (2)   the risks insured;   (3)   the amount of the policy;   (4)   the property insured, the then current replacement value of such property, and the manner of determining that value; and   (5)   the expiration date of the policy.   Trustor shall, upon request of Beneficiary, have an independent appraiser satisfactory to Beneficiary determine the cash value replacement cost of the Property.

**BENEFICIARY'S EXPENDITURES.**    If any action or proceeding is commenced that would materially affect Beneficiary's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or the Stipulation, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or the Stipulation, Beneficiary on Trustor's behalf may (but shall not be obligated to) take any action that Beneficiary deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property.   All such expenditures incurred or paid by Beneficiary for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Beneficiary to the date of repayment by Trustor.   All such expenses will become a part of the amount owed under the Stipulation and, at Beneficiary's option, will   (A)   be payable on demand;   or (B)   be added to the balance of the Stipulation and be apportioned among and be payable with any installment payments to become due during the remaining term of the Stipulation; or   (C) be treated as a balloon payment which will be due and payable at the Stipulation's maturity.   The Deed of Trust also will secure payment of these amounts.   Such right shall be in addition to all other rights and remedies to which Beneficiary may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.**    The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.**    Trustor warrants that:   (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Beneficiary in connection with this Deed of Trust, and   (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Beneficiary.

**Defense of Title.**    Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons.   In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Beneficiary under this Deed of Trust, Trustor shall defend the action at Trustor's expense.   Trustor may be the nominal party in such proceeding, but Beneficiary shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Beneficiary's own choice, and Trustor will deliver, or cause to be delivered, to Beneficiary such instruments as Beneficiary may request from time to time to permit such participation.

**Compliance With Laws.**    Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.**    All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as all amounts due under the Stipulation shall be paid in full.

**CONDEMNATION.**    The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.**  If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Beneficiary in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award.  Trustor may be the nominal party in any such proceeding, but Beneficiary shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Beneficiary such instruments and documentation as may be requested by Beneficiary from time to time to permit such participation.

**Application of Net Proceeds.**  If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Beneficiary may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Beneficiary in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.**  The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.**  Upon request by Beneficiary, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Beneficiary to perfect and continue Beneficiary's lien on the Real Property.  Trustor shall reimburse Beneficiary for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.**  The following shall constitute taxes to which this section applies:  (1)  a specific tax upon this type of Deed of Trust; or (2) a tax on this type of Deed of Trust chargeable against the Beneficiary.

**Subsequent Taxes.**  If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Beneficiary may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either  (1)  pays the tax before it becomes delinquent, or  (2)  contests the tax as provided above in the Taxes and Liens section and deposits with Beneficiary cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary.

**SECURITY AGREEMENT; FINANCING STATEMENTS.**  The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.**  This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Beneficiary shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.**  Upon request by Beneficiary, Trustor shall take whatever action is requested by Beneficiary to perfect and continue Beneficiary's security interest in the Rents and Personal Property.  Trustor shall reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest.  Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property.  Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Beneficiary and make it available to Beneficiary within three (3) days after receipt of written demand from Beneficiary to the extent permitted by applicable law.

**Addresses.**  The mailing addresses of Trustor (debtor) and Beneficiary (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.**  The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.**  At any time, and from time to time, upon request of Beneficiary, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Beneficiary or to Beneficiary's designee, and when requested by Beneficiary, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Beneficiary may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Beneficiary, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve  Trustor's obligations under this Deed of Trust, and the Stipulation.

**Attorney-in-Fact.**  If Trustor fails to do any of the things referred to in the preceding paragraph, Beneficiary may do so for and in the name of Trustor and at Trustor's expense.  For such purposes, Trustor hereby irrevocably appoints Beneficiary as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Beneficiary's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.**  If Trustor pays all amounts owned under the Stipulation when due, and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Beneficiary shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Beneficiary's security interest in the Rents and the Personal Property.   Beneficiary may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.**  Each of the following, at Beneficiary's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.**  Trustor fails to make any payment when due under the Stipulation.

**Other Defaults.**  Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or the Stipulation or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Beneficiary and Trustor.

**Compliance Default.**  Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, or the Stipulation.

**Default on Other Payments.**  Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.**  Any warranty, representation or statement made or furnished to Beneficiary by Trustor or on Trustor's behalf under this Deed of Trust or the Stipulation is false or misleading in any material respect, either now or at the time made or furnished or becomes false or

misleading at any time thereafter.

**Defective Collateralization.**   This Deed of Trust ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.**   The dissolution or termination of Trustor's existence as a going business, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.**   Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any governmental agency against any property securing the Stipulation.   However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Beneficiary written notice of the creditor or forfeiture proceeding and deposits with Beneficiary monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Beneficiary, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.**   Any breach by Trustor under the terms of any other agreement between Trustor and Beneficiary that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Beneficiary, whether existing now or later.

**RIGHTS AND REMEDIES ON DEFAULT.**   If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Beneficiary may exercise any one or more of the following rights and remedies:

**Election of Remedies.**   Election by Beneficiary to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Beneficiary's right to declare a default and exercise its remedies.

**Foreclosure by Sale.**   Upon an Event of Default under the Stipulation, Beneficiary may deliver to Trustee a written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record.   Beneficiary also shall deposit with Trustee this Deed of Trust, the Stipulation, other documents requested by Trustee, and all documents evidencing expenditures secured hereby.   After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.   Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law.   Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied.   The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.   Any person, including Trustor, Trustee or Beneficiary may purchase at such sale.   After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of:   all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.**   With respect to all or any part of the Real Property, Beneficiary shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.**   With respect to all or any part of the Personal Property, Beneficiary shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.**   Beneficiary shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Beneficiary's costs, against the amounts due under the Stipulation.   In furtherance of this right, Beneficiary may require any tenant or other user of the Property to make payments of rent or use fees directly to Beneficiary.   If the Rents are collected by Beneficiary, then Trustor irrevocably designates Beneficiary as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds.   Payments by tenants or other users to Beneficiary in response to Beneficiary's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed.   Beneficiary may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.**   Beneficiary shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness.   The receiver may serve without bond if permitted by law.   Beneficiary's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount.   Employment by Beneficiary shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.**   If Trustor remains in possession of the Property after the Property is sold as provided above or Beneficiary otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Beneficiary or the purchaser of the Property and shall, at Beneficiary's option, either  (1)  pay a reasonable rental for the use of the Property, or  (2) vacate the Property immediately upon the demand of Beneficiary.

**Other Remedies.**   Trustee or Beneficiary shall have any other right or remedy provided in this Deed of Trust or the Stipulation or available at law or in equity.

**Notice of Sale.**   Beneficiary shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made.   Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition.   Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.**   To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Beneficiary shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales.   Beneficiary shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.**   If Beneficiary institutes any suit or action to enforce any of the terms of this Deed of Trust or the Stipulation Beneficiary shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Beneficiary incurs that in Beneficiary's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.   Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Beneficiary's attorneys' fees and Beneficiary's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law.   Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.**   Trustee shall have all of the rights and duties of Beneficiary as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.**   The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.**   In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Beneficiary and Trustor:  (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public;  (b) join in granting any easement or creating any restriction on the Real Property; and  (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Beneficiary under this Deed of Trust.

**Obligations to Notify.**   Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.**   Trustee shall meet all qualifications required for Trustee under applicable law.   In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Beneficiary shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.**   Beneficiary, at Beneficiary's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Beneficiary and recorded in the office of the recorder of San Bernardino County, State of California.   The instrument shall contain, in addition to all other matters required by state law, the names of the original Beneficiary, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Beneficiary or its successors in interest.   The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law.   This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.**   Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.**   Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust.   Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust.   All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Beneficiary's address, as shown near the beginning of this Deed of Trust.   Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address.   For notice purposes, Trustor agrees to keep Beneficiary informed at all times of Trustor's current address.   Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Beneficiary to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.**   Beneficiary may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.**   The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.**   This Deed of Trust, together with the Stipulation, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust.   No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.**   Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.**   There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Beneficiary in any capacity, without the written consent of Beneficiary.

**Choice of Venue.**   If there is a lawsuit, Trustor agrees upon Beneficiary's request to submit to the jurisdiction of the courts of Salt Lake County, State of Utah.

**No Waiver by Beneficiary.**   Beneficiary shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Beneficiary.   No delay or omission on the part of Beneficiary in exercising any right shall operate as a waiver of such right or any other right.   A waiver by Beneficiary of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Beneficiary's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust.   No prior waiver by Beneficiary, nor any course of dealing between Beneficiary and Trustor, shall constitute a waiver of any of Beneficiary's rights or of any of Trustor's obligations as to any future transactions.   Whenever the consent of Beneficiary is required under this Deed of Trust, the granting of such

consent by Beneficiary in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Beneficiary.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Beneficiary, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waive Jury.** **To the extent permitted by applicable law, all parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means Celtic Bank Corporation, and its successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Beneficiary, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Beneficiary.** The word "Beneficiary" means Celtic Bank Corporation, its successors and assigns.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Stipulation.** The word "Stipulation" means that Stipulation for Entry of Consent Judgment and Further Orders Upon Default requiring payments of no less than $421,515.48 by no later than August 31, 2019.

**Trustee.** The word "Trustee" means Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT 84111 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means **James A Smith, Trustee of the James A. Smith Trust dated April 11, 2001**.

**TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST.**

**TRUSTOR:**

_____

## CERTIFICATE OF ACKNOWLEDGMENT

**STATE OF** _____                                    )
                                                                                          ) SS
**COUNTY OF** _____                                        )

On                 _____,                 20_____                 before                 me,
_____,
(here insert name and title of the officer)

personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS my hand and official seal.**

**Signature** _____

                                                                                                            **(Seal)**

_____

**(DO NOT RECORD)**

## REQUEST FOR FULL RECONVEYANCE

(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust.   All sums secured by this Deed of Trust have been fully paid and satisfied.   You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust.   Please mail the reconveyance and Related Documents to:

_____.

**Date:** _____          **Beneficiary:** _____

                                                                         **By:** _____

                                                                         **Its:** _____

_____

EXHIBIT A

THE NORTH 150 FEET OF LOT 32, ORCHARD PARK NUMBER 1, OF TRACT 1930, IN THE UNINCORPORATED AREA OF SAN BERNARDINO COUNTY, AS PER MAP RECORDED IN BOOK 28, PAGE(S) 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY, CALIFORNIA.

TOGETHER WITH ALL THE RIGHT, TITLE AND INTEREST OF GRANTOR IN AND TO THE LAND UNDERLYING THE PUBLIC ROAD, STREETS, HIGHWAYS AND ALLEYS ABUTTING UPON THE ABOVE DESCRIBED PARCEL OF LAND.

EXCEPTING AN UNDIVIDED 1/2 INTEREST OF ALL OIL, GAS, PETROLEUM, NAPTHA OR HYDROCARBON SUBSTANCES AND MINERALS, TOGETHER WITH RIGHT OF ENTRY, AS RESERVED IN THE DEED FROM FEDERAL FARM MORTGAGE CORPORATION, RECORDED AUGUST 06, 1945, IN BOOK 1806, PAGE 353, OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM ALL MINERALS AND MINERAL RIGHTS, INTEREST AND ROYALTTES, INCLUDING, WITHOUT LIMITING, THE GENERALITY THEREOF, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS WELL AS METALLIC OR OTHER SOLID MINERALS, IN AND UNDER THE PROPERTY; HOWEVER, GRANTOR OR ITS SUCCESSORS AND ASSIGNS, SHALL NOT HAVE THE RIGHT FOR ANY PURPOSE WHATSOEVER TO ENTER UPON, INTO OR THROUGH THE SURFACE OF SAID PROPERTY IN CONNECTION THEREWITH OR THE SUBSURFACE THEREOF TO A DEPTH OF 500 FEET, AS RESERVED IN THE DEED FROM SOUTHERN PACIFIC TRANSPORTATION COMPANY, A DELAWARE CORPORATION, RECORDED DECEMBER 04, 1990, AS INSTRUMENT NO. 90-478369, OF OFFICIAL RECORDS.

APN: 0252-151-58-0-000

THAT PORTION OF LOT 31 OF TRACT 1930, ORCHARD TRACT NO. 1, IN THE UNINCORPORATED AREA OF SAN BERNARDINO COUNTY, AS PER MAP RECORDED IN BOOK 28, PAGE(S) 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY, CALIFORNIA, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID LOT;
THENCE SOUTH 521.26 FEET TO THE TRUE POINT OF BEGINNING;
THENCE SOUTH 132 FEET;
THENCE EAST 300 FEET, MORE OR LESS, TO EAST LINE OF SAID LOT 31;
THENCE NORTH ALONG SAID EAST LINE 132 FEET;
THENCE WEST 300 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM ALL MINERALS AND MINERAL RIGHTS, INTERESTS, AND ROYALTIES, INCLUDING, WITHOUT LIMITING, THE GENERALITY THEREOF, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS WELL AS METALLIC OR OTHER SOLID MINERALS, IN AND UNDER THE PROPERTY; HOWEVER, GRANTOR OR ITS SUCCESSORS AND ASSIGNS, SHALL NOT HAVE THE RIGHT FOR ANY PURPOSE WHATSOEVER TO ENTER UPON, INTO OR THROUGH THE SURFACE OF SAID PROPERTY IN CONNECTION THEREWITH OR THE SUBSURFACE THEREOF TO A DEPTH OF 500 FEET, AS RESERVED IN THE DEED FROM SOUTHERN PACIFIC TRANSPORTATION COMPANY, A DELAWARE CORPORATION RECORDED DECEMBER 04, 1990, AS INSTRUMENT NO. 90-478369, OF OFFICIAL RECORDS.

APN: 0252-151-22-0-000

Exhibit G

**RECORDATION REQUESTED BY:**
  Celtic Bank Corporation
  268 South State Street, Suite 300
  Salt Lake City, UT  84111

**WHEN RECORDED MAIL TO:**
  Celtic Bank Corporation
  268 South State Street, Suite 300
  Salt Lake City, UT  84111

**SEND TAX NOTICES TO:**
  Celtic Bank Corporation
  268 South State Street, Suite 300
  Salt Lake City, UT  84111

**FOR RECORDER'S USE ONLY**

# DEED OF TRUST

**THIS DEED OF TRUST is dated July___, 2018, among James Smith, A Married Man as His Sole and Separate Property ("Trustor"); Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT  84111 (referred to below sometimes as "Trustee" and sometimes as "Beneficiary").**

**CONVEYANCE AND GRANT.  For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Beneficiary,** all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in Orange County, State of California:**

> **See Exhibit A, which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.**

**The Real Property or its address is commonly known as 645 South Santa Fe Street, Santa Ana, CA 92705. The Assessor's Parcel Number for the Real Property is 011-312-07.**

Trustor presently assigns to Beneficiary in this Deed of Trust all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938.  In addition, Trustor grants to Beneficiary a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE PERFORMANCE AND PAYMENT UNDER THAT *STIPULATION FOR ENTRY OF CONSENT JUDGMENT UPON DEFAULT* ("Stipulation") SIGNED OF EVEN DATE.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES.**  Trustor warrants that:  Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor.

**TRUSTOR'S WAIVERS.** Trustor waives all rights and defenses that Trustor may have because its obligation is secured by real property.  This means among other things: If Trustee forecloses on any real property collateral pledged by Trustor the amount of Trustor's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

Trustor understands and agrees that the foregoing waiver is an unconditional and irrevocable waiver of substantive rights and defenses to which Trustor might otherwise be entitled under state and federal law.  The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code.  Trustor acknowledges that Trustor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Trustee and Beneficiary.  Trustor further understands and agrees that this Deed of Trust is a separate and independent contract between Trustor and Beneficiary, given for full and ample consideration, and is enforceable on its own terms.

**PAYMENT AND PERFORMANCE.**  Trustor shall perform all their respective obligations under the Stipulation.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**  Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

> **Possession and Use.**  Until the occurrence of an Event of Default, Trustor may (1)  remain in possession and control of the Property;  (2)

use, operate or manage the Property; and   (3)   collect the Rents from the Property.

**Duty to Maintain.**   Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.**   Trustor represents and warrants to Trustee and Beneficiary that:  (1)  During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property;  (2)  Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters; and  (3)  Except as previously disclosed to and acknowledged by Beneficiary in writing,  (a)  neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and  (b)  any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws.   Trustor authorizes Beneficiary and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Beneficiary may deem appropriate to determine compliance of the Property with this section of the Deed of Trust.   Any inspections or tests made by Beneficiary shall be for Beneficiary's purposes only and shall not be construed to create any responsibility or liability on the part of Beneficiary to Trustor or to any other person.   The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances.   Trustor hereby  (1)  releases and waives any future claims against Beneficiary for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and  (2)  agrees to indemnify, defend, and hold harmless Beneficiary against any and all claims, losses, liabilities, damages, penalties, and expenses which Beneficiary may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor.   The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Beneficiary's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.**   Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property.   Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Beneficiary's prior written consent.

**Removal of Improvements.**   Trustor shall not demolish or remove any Improvements from the Real Property without Beneficiary's prior written consent.   As a condition to the removal of any Improvements, Beneficiary may require Trustor to make arrangements satisfactory to Beneficiary to replace such Improvements with Improvements of at least equal value.

**Beneficiary's Right to Enter.**   Beneficiary and Beneficiary's agents and representatives may enter upon the Property at all reasonable times to attend to Beneficiary's interests and to inspect the Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.**   Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act.   Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Beneficiary in writing prior to doing so and so long as, in Beneficiary's sole opinion, Beneficiary's interests in the Property are not jeopardized.   Beneficiary may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Beneficiary, to protect Beneficiary's interest.

**Duty to Protect.**   Trustor agrees neither to abandon or leave unattended the Property.   Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**TAXES AND LIENS.**   The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.**   Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property.   Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Beneficiary under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.**   Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Beneficiary's interest in the Property is not jeopardized.   If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Beneficiary, deposit with Trustee cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien.   In any contest, Trustor shall defend itself and Beneficiary and shall satisfy any adverse judgment before enforcement against the Real Property.   Trustor shall name Beneficiary as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.**   Trustor shall upon demand furnish to Beneficiary satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Beneficiary at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.**   Trustor shall notify Beneficiary at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account

of the work, services, or materials.  Trustor will upon request of Beneficiary furnish to Beneficiary advance assurances satisfactory to Beneficiary that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.**    The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.**    Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Beneficiary.  Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Beneficiary may request with Trustee and Beneficiary being named as additional insureds in such liability insurance policies.  Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Beneficiary may reasonably require.  Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property.  Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Beneficiary and issued by a company or companies reasonably acceptable to Beneficiary.  Trustor, upon request of Beneficiary, will deliver to Beneficiary from time to time the policies or certificates of insurance in form satisfactory to Beneficiary, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Beneficiary.  Each insurance policy also shall include an endorsement providing that coverage in favor of Beneficiary will not be impaired in any way by any act, omission or default of Trustor or any other person.  Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Beneficiary that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Beneficiary, and to maintain such insurance for the term of the loan.

**Application of Proceeds.**    Trustor shall promptly notify Beneficiary of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $5,000.00.  Beneficiary may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty.  If in Beneficiary's sole judgment Beneficiary's security interest in the Property has been impaired, Beneficiary may, at Beneficiary's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property.  If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Beneficiary.  Beneficiary shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust.  Any proceeds which have not been disbursed within 180 days after their receipt and which Beneficiary has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Beneficiary under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness.  If Beneficiary holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.**    Upon request of Beneficiary, however not more than once a year, Trustor shall furnish to Beneficiary a report on each existing policy of insurance showing:  (1)  the name of the insurer;  (2)  the risks insured;  (3)  the amount of the policy;  (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and  (5)  the expiration date of the policy.  Trustor shall, upon request of Beneficiary, have an independent appraiser satisfactory to Beneficiary determine the cash value replacement cost of the Property.

**BENEFICIARY'S EXPENDITURES.**    If any action or proceeding is commenced that would materially affect Beneficiary's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or the Stipulation, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or the Stipulation, Beneficiary on Trustor's behalf may (but shall not be obligated to) take any action that Beneficiary deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property.  All such expenditures incurred or paid by Beneficiary for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Beneficiary to the date of repayment by Trustor.  All such expenses will become a part of the amount owed under the Stipulation and, at Beneficiary's option, will  (A)  be payable on demand;  or (B)  be added to the balance of the Stipulation and be apportioned among and be payable with any installment payments to become due during the remaining term of the Stipulation; or  (C) be treated as a balloon payment which will be due and payable at the Stipulation's maturity.  The Deed of Trust also will secure payment of these amounts.  Such right shall be in addition to all other rights and remedies to which Beneficiary may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.**    The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.**    Trustor warrants that:  (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Beneficiary in connection with this Deed of Trust, and  (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Beneficiary.

**Defense of Title.**    Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons.  In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Beneficiary under this Deed of Trust, Trustor shall defend the action at Trustor's expense.  Trustor may be the nominal party in such proceeding, but Beneficiary shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Beneficiary's own choice, and Trustor will deliver, or cause to be delivered, to Beneficiary such instruments as Beneficiary may request from time to time to permit such participation.

**Compliance With Laws.**    Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.**    All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as all amounts due under the Stipulation shall be paid in full.

**CONDEMNATION.**    The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Beneficiary in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Beneficiary shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Beneficiary such instruments and documentation as may be requested by Beneficiary from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Beneficiary may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Beneficiary in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Beneficiary, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Beneficiary to perfect and continue Beneficiary's lien on the Real Property. Trustor shall reimburse Beneficiary for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust; or (2) a tax on this type of Deed of Trust chargeable against the Beneficiary.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Beneficiary may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Beneficiary cash or a sufficient corporate surety bond or other security satisfactory to Beneficiary.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Beneficiary shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Beneficiary, Trustor shall take whatever action is requested by Beneficiary to perfect and continue Beneficiary's security interest in the Rents and Personal Property. Trustor shall reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Beneficiary and make it available to Beneficiary within three (3) days after receipt of written demand from Beneficiary to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Beneficiary (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Beneficiary, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Beneficiary or to Beneficiary's designee, and when requested by Beneficiary, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Beneficiary may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Beneficiary, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve Trustor's obligations under this Deed of Trust, and the Stipulation.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Beneficiary may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Beneficiary as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Beneficiary's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all amounts owned under the Stipulation when due, and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Beneficiary shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Beneficiary's security interest in the Rents and the Personal Property. Beneficiary may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Beneficiary's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Stipulation.

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or the Stipulation or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Beneficiary and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, or the Stipulation.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.** Any warranty, representation or statement made or furnished to Beneficiary by Trustor or on Trustor's behalf under this Deed of Trust or the Stipulation is false or misleading in any material respect, either now or at the time made or furnished or becomes false or

misleading at any time thereafter.

**Defective Collateralization.**   This Deed of Trust ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.**   The dissolution or termination of Trustor's existence as a going business, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.**   Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any governmental agency against any property securing the Stipulation.   However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Beneficiary written notice of the creditor or forfeiture proceeding and deposits with Beneficiary monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Beneficiary, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.**   Any breach by Trustor under the terms of any other agreement between Trustor and Beneficiary that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Beneficiary, whether existing now or later.

**RIGHTS AND REMEDIES ON DEFAULT.**   If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Beneficiary may exercise any one or more of the following rights and remedies:

**Election of Remedies.**   Election by Beneficiary to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Beneficiary's right to declare a default and exercise its remedies.

**Foreclosure by Sale.**   Upon an Event of Default under the Stipulation, Beneficiary may deliver to Trustee a written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record.   Beneficiary also shall deposit with Trustee this Deed of Trust, the Stipulation, other documents requested by Trustee, and all documents evidencing expenditures secured hereby.   After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.   Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law.   Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied.   The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.   Any person, including Trustor, Trustee or Beneficiary may purchase at such sale.   After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of:   all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.**   With respect to all or any part of the Real Property, Beneficiary shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.**   With respect to all or any part of the Personal Property, Beneficiary shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.**   Beneficiary shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Beneficiary's costs, against the amounts due under the Stipulation.   In furtherance of this right, Beneficiary may require any tenant or other user of the Property to make payments of rent or use fees directly to Beneficiary.   If the Rents are collected by Beneficiary, then Trustor irrevocably designates Beneficiary as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds.   Payments by tenants or other users to Beneficiary in response to Beneficiary's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed.   Beneficiary may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.**   Beneficiary shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness.   The receiver may serve without bond if permitted by law.   Beneficiary's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount.   Employment by Beneficiary shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.**   If Trustor remains in possession of the Property after the Property is sold as provided above or Beneficiary otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Beneficiary or the purchaser of the Property and shall, at Beneficiary's option, either   (1)   pay a reasonable rental for the use of the Property, or   (2) vacate the Property immediately upon the demand of Beneficiary.

**Other Remedies.**   Trustee or Beneficiary shall have any other right or remedy provided in this Deed of Trust or the Stipulation or available at law or in equity.

**Notice of Sale.**   Beneficiary shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made.   Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition.   Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.**  To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Beneficiary shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales.   Beneficiary shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.**  If Beneficiary institutes any suit or action to enforce any of the terms of this Deed of Trust or the Stipulation Beneficiary shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Beneficiary incurs that in Beneficiary's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.   Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Beneficiary's attorneys' fees and Beneficiary's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law.   Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.**   Trustee shall have all of the rights and duties of Beneficiary as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.**  The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.**  In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Beneficiary and Trustor:  (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public;  (b) join in granting any easement or creating any restriction on the Real Property; and   (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Beneficiary under this Deed of Trust.

**Obligations to Notify.**  Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.**  Trustee shall meet all qualifications required for Trustee under applicable law.  In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Beneficiary shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.**  Beneficiary, at Beneficiary's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Beneficiary and recorded in the office of the recorder of Orange County, State of California.  The instrument shall contain, in addition to all other matters required by state law, the names of the original Beneficiary, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Beneficiary or its successors in interest.  The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law.  This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.**  Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.**  Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust.  Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust.  All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Beneficiary's address, as shown near the beginning of this Deed of Trust.  Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address.  For notice purposes, Trustor agrees to keep Beneficiary informed at all times of Trustor's current address.  Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Beneficiary to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.**  Beneficiary may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.**   The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.**  This Deed of Trust, together with the Stipulation, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust.  No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.**  Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.**  There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Beneficiary in any capacity, without the written consent of Beneficiary.

**Choice of Venue.**  If there is a lawsuit, Trustor agrees upon Beneficiary's request to submit to the jurisdiction of the courts of Salt Lake County, State of Utah.

**No Waiver by Beneficiary.**  Beneficiary shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Beneficiary.  No delay or omission on the part of Beneficiary in exercising any right shall operate as a waiver of such right or any other right.  A waiver by Beneficiary of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Beneficiary's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust.  No prior waiver by Beneficiary, nor any course of dealing between Beneficiary and Trustor, shall constitute a waiver of any of Beneficiary's rights or of any of Trustor's obligations as to any future transactions.  Whenever the consent of Beneficiary is required under this Deed of Trust, the granting of such

consent by Beneficiary in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Beneficiary.

**Severability.**  If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance.  If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable.  If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust.  Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.**  Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns.  If ownership of the Property becomes vested in a person other than Trustor, Beneficiary, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.**  Time is of the essence in the performance of this Deed of Trust.

**Waive Jury.    To the extent permitted by applicable law, all parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**DEFINITIONS.**  The following capitalized words and terms shall have the following meanings when used in this Deed of Trust.  Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America.  Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require.  Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.**  The word "Beneficiary" means Celtic Bank Corporation, and its successors and assigns.

**Deed of Trust.**  The words "Deed of Trust" mean this Deed of Trust among Trustor, Beneficiary, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.**  The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.**  The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.**  The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Hazardous Substances.**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled.  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws.  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.**  The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Beneficiary.**  The word "Beneficiary" means Celtic Bank Corporation, its successors and assigns.

**Personal Property.**  The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.**  The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.**  The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Rents.**  The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Stipulation.**  The word "Stipulation" means that Stipulation for Entry of Consent Judgment and Further Orders Upon Default requiring payments of no less than $421,515.48 by no later than August 31, 2019.

**Trustee.**  The word "Trustee" means Celtic Bank Corporation, whose address is 268 South State Street, Suite 300, Salt Lake City, UT 84111 and any substitute or successor trustees.

**Trustor.**  The word "Trustor" means **James Smith, A Married Man as His Sole and Separate Property**.

**TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST.**

**TRUSTOR:**

_____

# CERTIFICATE OF ACKNOWLEDGMENT

**STATE OF** _____  )

)  SS

**COUNTY OF** _____  )

On _____, 20_____ before me,
_____,
(here insert name and title of the officer)

personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS my hand and official seal.**

**Signature** _____

**(Seal)**

_____

**(DO NOT RECORD)**

# REQUEST FOR FULL RECONVEYANCE

(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust.   All sums secured by this Deed of Trust have been fully paid and satisfied.   You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust.   Please mail the reconveyance and Related Documents to:
_____.

**Date:** _____     **Beneficiary:** _____

**By:** _____

**Its:** _____

_____

EXHIBIT A

LOT 12 OF TRACT NO. 5739, IN THE CITY OF SANTA ANA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 207, PAGE(S) 39 AND 40 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

APN: 011-312-07

Exhibit H

# CELTIC BANK

## Authorization for Pre-Authorized Payments

I, the undersigned, hereby authorize Celtic Bank to electronically transfer loan payments from the following account, on behalf of **Smith's Action Plastics, Inc.** _____.
<div align="center" style="font-size:small">Borrower's Name (Printed)</div>

**Bank of the West** _____
Name of Borrower's Financial Institution _____ ABA/Routing Number (9 digits)

_____ _____
Address of Borrower's Financial Institution _____ City, State, Zip

_____
Borrower's Account Number

I authorize Celtic Bank to initiate debit entries at the above named financial institution for the sum of

☒ $ **10,000.00** _____, or ☐ the amount per the note, on **15th (beg. 8/15/2018)** _____
<span style="font-size:small">Amount to withdraw from above account</span>                                                                         <span style="font-size:small">Day of the month</span>
of each month to fulfill my monthly contractual obligation. A copy of this form will be kept on file. Celtic Bank agrees to notify the borrower upon discovery of any errors resulting from transactions under this authorization. **Smith's Action Plastics, Inc.** _____ agrees to notify Celtic Bank immediately of any
<span style="font-size:small">Borrower's Name (Printed)</span>
changes that may affect these instructions or our ability to rely upon them.

This authorization may be cancelled upon written notification in such a manner as to afford Celtic Bank and the above named borrower a reasonable opportunity to act on it. Any such cancellation shall be effective only with respect to entries initiated after the financial institution's receipt of such notification. In authorizing the above agreement, **Smith's Action Plastics, Inc.** _____ indemnifies Celtic Bank of any and all loss, cost,
<span style="font-size:small">Borrower's Name (Printed)</span>
damage, or expenses incurred by Celtic Bank in connection with errors in deposits, credit or debit entry errors caused by persons who are not employees of Celtic Bank.

*Please submit a voided check from your account with this agreement and print in blue/ black ink or type.*

# CELTIC BANK

340 East 400 South
Salt Lake City, UT 84111
(801) 363-6500 phone
(801) 363-6562 fax

_____
Borrower's Signature

**President** _____
Title of Signer (If loan is made to a company.)

_____
Authorized Celtic Bank Representative

**17500246** _____
Celtic Bank Loan Number

_____
Date

**FOR CELTIC BANK INTERNAL USAGE ONLY**

Date Entered into System: _____

Employee Name: _____